**Ramon and Mayra FERRER, Plaintiffs,**

v.

**FIDELITY AND GUARANTY INSURANCE COMPANY, a foreign corporation, Defendant.**

No. 97–2975–CIV.

United States District Court, S.D. Florida.

Feb. 11, 1998.

John F. Cosgrove, Miami, FL, for Plaintiffs.

Rosanne Olmstead, Adorno & Zeder, P.A., Miami, FL, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant Fidelity and Guaranty Insurance Company's motion to dismiss or alternatively, motion for summary judgment. For the reasons stated below, the Court grants the motion for summary judgment and denies the motion to dismiss as moot.[1]

*PROCEDURAL BACKGROUND*

On August 14, 1997, Plaintiffs Ramon and Mayra Ferrer commenced this action in state court with the filing of a complaint for declaratory relief and/or petition to compel appraisal. On September 16, 1997, Defendant Fidelity and Guaranty Insurance Company's ("USF & G") removed the action on the basis of diversity jurisdiction. In their complaint, the Ferrers seek a declaratory judgment regarding the parties' rights and liabilities un-

---

1. The Court notes that the parties have used the names Fidelity and Guaranty Insurance Company and United States Fidelity and Guaranty Insurance Company interchangeably when refer- ring to the defendant. The Court has adopted the case style shown in the complaint but refers to the defendant by its commonly used name, USF & G.

der the Ferrers' homeowners' insurance policy, which was issued by USF & G, with respect to damages allegedly caused by Hurricane Andrew. The Ferrers also seek an order compelling USF & G to participate in the appraisal process contemplated by the insurance policy.

## STANDARD OF REVIEW

In deciding motions for summary judgment, the Court must use as its guide the standard set forth in *Fed.R.Civ.P.* 56(c), which states in relevant part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The United States Supreme Court has addressed the standard for summary judgment, as set forth in Rule 56(c), as follows:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

After the moving party has met this initial burden, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Fed. R.Civ.P.* 56(e), however, does not permit the nonmoving party to avoid summary judgment by resting on the pleadings, but "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Moreover, the mere existence of a scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson*, 477 U.S. at 251–52.

## UNDISPUTED FACTS

1. On June 20, 1997, the Ferrers submitted a demand letter to USF & G, claiming that their residence had sustained damages totaling $161,404.15 as a result of Hurricane Andrew, which struck South Florida on August 24, 1992.

2. The Ferrers attached to their demand letter an itemization of this amount, which had been prepared by East Coast Appraisers, Inc. ("East Coast"). Absent payment of the claimed amount (less previous payments) within ten days, the Ferrers invoked the appraisal clause of the insurance policy and appointed East Coast as their appraiser. The Ferrers requested that any payment issued by USF & G be made jointly to them and East Coast.

3. On July 17, 1997, USF & G responded to the letter by requesting that the Ferrers complete a sworn proof of loss, forward copies of various documents in support of their claim and submit to an examination under oath.

4. The Ferrers did not comply with any of USF & G's requests. Rather, they commenced the instant action.

5. The Ferrers submitted a prior claim to USF & G for damages related to Hurricane Andrew and received a payment. The record provides no details regarding the nature of the damages or the amount of payment.

## DISCUSSION

The USF & G policy in question requires that the Ferrers comply with the following conditions at USF & G's request: provide USF & G with records and documents; sub-

mit to questions under oath; and submit a sworn proof of loss. It is undisputed that USF & G asked the Ferrers to comply with the above conditions via correspondence dated July 17, 1997 and that the Ferrers did not do so prior to commencing this action. Submission of a sworn proof of loss is a condition precedent to bringing an action under the USF & G insurance policy. *See Ro-/Ro Enterprises v. State Farm Fire and Casualty Company*, Case No. 93–1754–CIV–UNGARO–BENAGES (S.D.Fla. June 22, 1994) (granting defendant's motion for summary judgment due to plaintiff's failure to submit a sworn proof of loss as required by the insurance policy).

The Ferrers attempt to avoid this clear result through various arguments. First, they argue that this is not a "new claim" and, as such, is not subject to the policy's requirement for a sworn proof of loss and/or examination under oath. This proposition is totally lacking in merit. According to the June 20, 1997 demand letter and estimate, the Ferrers are seeking reimbursement for losses which were not included in their original claim. Nothing in the policy language excuses submission of a sworn proof of supporting documentation with respect to the newly asserted losses.

Next, the Ferrers argue that USF & G's request for documentation, examination under oath and sworn proof of loss are sufficient to establish the existence of a disagreement between the parties regarding the amount of loss, thereby making their invocation of the appraisal process appropriate. The pertinent policy provision states, "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss." The Court finds nothing in USF & G's request that connotes disagreement with the amount of loss claimed by the Ferrers in their demand letter. USF & G's response is nothing more than a request for further information and documentation, in accordance with the terms of the insurance policy, to permit USF & G to evaluate the Ferrers' claim.

Finally, the Ferrers appear to take the position that the estimate prepared by East Coast is sufficient, without more, to satisfy the policy conditions regarding proof of loss. The estimate submitted by the Ferrers, however, was prepared by a third party, who is also being proposed as the appraiser and the joint payee of any policy proceeds. The Court does not find such an instrument to be a proper substitute for a sworn statement of loss by the insureds, as required by the policy.

### CONCLUSION

Based on the foregoing considerations, the Court concludes that the Ferrers have failed to comply with the conditions precedent to instituting this action, as prescribed in their policy of insurance, and that USF & G's conduct in response to the Ferrers' demand letter and their filing of this lawsuit does not constitute a waiver of said conditions. Therefore, it is

ORDERED AND ADJUDGED that Defendant Fidelity and Guaranty Insurance Company's motion for summary judgment is GRANTED. In accordance with Fed. R.Civ.P. 58, the Court shall enter judgment by separate order. The defendant's alternative motion to dismiss is DENIED as moot.