956 So.2d 511 (2007)
Ginger STARLING, Appellant,
v.
ALLSTATE FLORIDIAN INSURANCE COMPANY, Appellee.
No. 5D05-2829.
District Court of Appeal of Florida, Fifth District.
April 27, 2007.
Rehearing Denied May 31, 2007.
David R. Heil of David R. Heil, P.A., Winter Park, for Appellant.
Rosemary Wilder, Michael C. Clarke, and Matthew N. Posgay of Kubicki Draper, Miami, for Appellee.
THOMPSON, J.
Ginger Starling appeals from a final summary judgment entered in favor of her insurance carrier, Allstate Floridian Insurance Company ("Allstate"), in her breach of contract action on a property insurance policy claim. At issue is whether Starling's failure to timely complete sworn proof-of-loss forms as a condition precedent to bringing a lawsuit bars a jury trial. Because Starling materially breached the policy's condition precedent, we affirm.
*512 Allstate insured Starling's house, which sustained severe fire damage on 27 August 2001. She and her daughter stayed that night with Starling's mother. According to her recorded statement to the fire department, Starling returned home to check on her cats when she saw smoke coming out of the garage. She went to her neighbors to call the fire department. The fire department told Starling that she was a suspect in the suspicious fire they believed was intentionally set. She subsequently filed a claim, gave Allstate a recorded statement, and sat for an examination under oath ("EUO"). Ultimately, Allstate's investigator, like the Fire Marshal, concluded the fire, caused by available materials inside the linen closet, was suspicious.
Starling testified in her EUO that her home had been in foreclosure proceedings for three and one half years at the time of the fire. She had not made house payments while it was in foreclosure, had prepared to put the house up for sale, and had quit her job one month before the fire. She had disconnected her phone service, and the electric and water service were shut off for nonpayment on the day of the fire.
During Starling's August 2001 recorded statement, she said she would mail her property inventory list to Allstate within one month. Patricia Reed, Allstate's claims representative, informed Starling by letter of 31 August 2001 that she had 60 days to provide a signed, notarized sworn statement and proof-of-loss and enclosed two copies of the form. On 21 September 2001, Reed reminded Starling by letter that her policy required that she submit the forms within 60 days of the fire.
Starling brought to the October 2001 EUO an unnotarized and incomplete form because she did not know the total value of her loss. She agreed to send Allstate the notarized and sworn statement and proof-of-loss, but Allstate did not receive it until June 2002, three months after she filed suit in March 2002. Starling did not submit a contents inventory until December 2002.
Allstate denied her allegations and asserted affirmative defenses of failure of conditions precedent and Starling's intentional or fraudulent conduct. The only reason for the claim's denial, Reed testified by deposition, was that Starling set the fire. In September 2003, Allstate denied the claim based on concealment of fraud, not failure of conditions precedent.
Allstate sought summary judgment because Starling failed to provide a notarized proof-of-loss and record of repair expenses within the 60-day period and she did not hold an insurable interest in the property. At the summary judgment hearing, Starling's counsel admitted the sworn statement was not provided to Allstate until June 2002. Counsel asserted that Starling was not really pleading waiver, but substantial compliance with the policy.
The trial court, relying on Ferrer v. Fidelity & Guaranty Insurance Co., 10 F.Supp.2d 1324, 1326 (S.D.Fla.1998), and Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300, 304 (Fla. 4th DCA 1995), granted summary judgment based upon the insured's failure to comply with a condition precedent that she provide a sworn proof-of-loss. The trial court wrote:
4. Paragraph 12 of the policy conditions states the following: "Suits Against Us. No suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within five years after the inception of loss or damage."
5. There is no genuine issue of fact and ALLSTATE is entitled to judgment as a *513 matter of law. Plaintiff failed to comply with the policy conditions precedent to institution of suit. These provisions are clear and unambiguous. It is not necessary for the insurance company to prove prejudice where the insured fails to comply with a policy condition precedent to suit. Goldman v. State Farm Fire General Ins. Co., 660 So.2d 300 (Fla. 4th DCA 1995). Where the insured has failed to provide sworn proof-of-loss in accordance with the policy contract, the insured is barred from filing suit against the insurer for the policy proceeds. See, Ferrer v. Fidelity and Guaranty Ins. Co., 10 F.Supp.2d 1324 (S.D.Fla. 1998).
Starling, proclaiming the ruling draconian, contends it was error to require absolute compliance with the 60-day time limit and her substantial compliance precluded summary judgment. The policy requires the insured to give Allstate a signed, sworn proof-of-loss within 60 days after a loss and provides that "[n]o suit or action may be brought against us unless there has been full compliance with all policy terms."
We take account in interpreting Goldman the concept of materiality as an element of a breach that, as in this case also, justified summary judgment. In other words, a material breach of an insured's duty to comply with a policy's condition precedent relieves the insurer of its obligations under the contract. To further explain, the Goldman court affirmed summary judgment after the insureds refused to submit to an EUO following the insurer's first demand, a scheduled EUO continued by the insureds, their filing suit, and the insurer's final request six weeks later. The lower court wrote that the plaintiffs' failure to submit to an EUO prior to filing their lawsuit was a material breach of the insurance contract and relieved the insurer of its obligation to pay under the policy. Goldman, 660 So.2d at 302. Cited in that opinion are several other cases that held a failure to submit to an EUO was a material breach of the policy terms and a condition precedent to the insured's right to recover. See e.g., Pervis v. State Farm Fire & Cas. Co., 901 F.2d 944 (11th Cir.1990) (affirming summary judgment when insured refused to submit to EUO before his arson trial, or during the four months following completion of the trial, and not until after appeal instituted, constituted material breach of policy); Laine v. Allstate Ins. Co., 355 F.Supp.2d 1303 (N.D.Fla.2005) (granting summary judgment when insured, after repeated requests by insurer, refused to submit to EUO for more than five years after fire he allegedly set); Fassi v. Amer. Fire & Cas. Co., 700 So.2d 51 (Fla. 5th DCA 1997) (affirming summary judgment when insureds refused EUO after insurer provided five opportunities to comply); Stringer v. Fireman's Fund Ins. Co., 622 So.2d 145 (Fla. 3d DCA 1993).
This reasoning applies equally to a policy's condition precedent that an insured submit a sworn proof-of-loss. In Ferrer, the insureds never submitted a sworn proof-of-loss. As the court expressed in Haiman v. Federal Insurance Co., 798 So.2d 811 (Fla. 4th DCA 2001):
[A] total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law. If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury.
In this case, Starling did not submit a sworn proof-of-loss until three months after she filed suit or contents inventory for another six months. Thus we agree with *514 the trial court's entry of final summary judgment based upon her material breach of the condition precedent to maintaining suit. It is undisputed that Starling materially breached the policy's condition precedent that she provide within 60 days sworn proof-of-loss, inventory of damaged property, and proper records of her repair expenses. Her failure to substantially comply with the policy's condition precedent bars recovery.
Accordingly, we AFFIRM the summary judgment in Allstate's favor.
EVANDER, J., concurs specially with opinion.
LAWSON, J., dissents, with opinion.
EVANDER, J., concurring specially.
I concur in Judge Thompson's opinion. I write only to emphasize that this case does not involve a situation where an insurance company played a game of "gotcha." It is undisputed that Allstate requested the Sworn Proof of Loss (including a list of damaged or destroyed property) on at least five occasions prior to the commencement of the lawsuit.[1] Notwithstanding these repeated requests, Starling was over thirteen months late in providing a list of the property she claimed was damaged or destroyed in the fire. Significantly, Starling's belated compliance came over eight months after she filed her lawsuit. Furthermore, the record is devoid of a reasonable explanation by Starling for her willful refusal to provide a Sworn Proof of Loss prior to commencing this action.
The undisputed material facts support a conclusion that, as a matter of law, Starling materially breached her duty to comply with the insurance policy's condition precedents.
LAWSON, J., dissenting.
I agree with the majority's analysis of the law, but must respectfully disagree as to its application in this case. As explained in Haiman v. Fed. Ins. Co., 798 So.2d 811, 812 (Fla. 4th DCA 2001), if "`the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury'" on the question of whether "`failure to comply with policy provisions made a prerequisite to suit'" constitutes a material breach of the policy so as to preclude recovery from the insurer (quoting Diamonds & Denims, Inc. v. First of Georgia Ins. Co., 203 Ga.App. 681, 417 S.E.2d 440, 441-42 (1992)). During her examination under oath (or, EUO), Ms. Starling testified that she had already mailed in a proof of loss form. She also brought a partially-completed form to the EUO, where it was examined by Allstate's representative. During the EUO, Starling explained that she had not yet completed the form because she had not yet been able to calculate the total value of her claim. Because Starling partially complied with the policy requirement, and provided an explanation for her noncompliance, I believe that a question of fact existed as to whether Starling materially breached her policy by waiting eight more months before submitting the final, notarized form.
NOTES
[1] Written requests were made by Allstate by letters dated August 31, 2001, September 21, 2001, February 13, 2002, and February 22, 2002. A verbal request was made on October 8, 2001.