ROTHENBERG, J.
The appellant, Leroy Edwards (“Edwards”), who sustained damage to his home from Hurricane Frances on September 4, 2004, made a claim with his insurer, State Farm Florida Insurance Company (“State Farm”). Although State Farm admitted coverage, State Farm made no payment because the amount of loss was below Edwards’ hurricane deductible. State Farm contended there was no need for additional repairs or a roof replacement, and Edwards did not object.
In 2008, Edwards submitted a supplemental loss claim to State Farm for the 2004 Hurricane Frances loss. State Farm repeatedly requested that Edwards provide documentation of his claimed loss and submit to an examination under oath, and warned Edwards that his failure to do so would violate the terms of his policy. Edwards, however, ignored State Farm’s requests, and instead, served State Farm with a complaint for breach of contract on June 29, 2009. The trial court concluded Edwards did not comply with conditions precedent to payment under his insurance policy, granted State Farm’s motion for summary judgment, and entered final judgment in State Farm’s favor. Because the record clearly supports the trial court’s finding, we affirm.
The record reflects the following. On June 19, 2008, nearly four years after Edwards’ initial claim, a public adjuster working for Edwards sent a representation letter to State Farm regarding the 2004 Hurricane Frances loss. The adjuster’s letter, however, attached an estimate for a complete roof replacement with a projected cost of $12,649.60, stating that the date of loss was October 24, 2005, the date of Hurricane Wilma, not September 4, 2004, which is the date Hurricane Frances damaged Edwards’ roof. Edwards has not submitted a claim of loss associated with Hurricane Wilma.[1]
On June 24, 2008, State Farm sent a reservation of rights letter, and on July 28, 2008, State Farm met with Edwards’ adjuster. When State Farm’s adjuster found no damage to the roof, Edwards’ adjuster contended that the repair had already been completed. State Farm requested documentation to support Edwards’ claim that the roof had been replaced and of any other expenditures. When the adjuster failed to produce any documentation, State Farm called and specifically advised the adjuster of the post-loss obligations provided in Edwards’ policy. Finally, on September 25, 2008, Edwards’ adjuster sent a contract proposal summarizing the costs from a roofer identified as Howard Davis.
The Davis proposal is not in the record, however, State Farm contends, and Edwards does not dispute, that the document purportedly submitted by Howard Davis was a one-page unsigned proposal to install a new roof for $9,300, with no address, phone number, or other contact in *732 formation. This proposal, dated October 2006, also varied from the projected roof installation submitted by the public adjuster in 2008. The Davis proposal quoted the roof replacement at $9,300, and the public adjuster quoted the roof replacement at $12,646.60 plus additional repairs, totaling $52,510.34. On October 1, 2008, State Farm sought additional information from Edwards, including an explanation as to why the Davis proposal was one for work to be done, rather than documentation of expenses that were already incurred, as Edwards contended he had already fixed the roof.
When State Farm received no response, it called the public adjuster several times, but was told he was “unavailable.” On December 30, 2008, State Farm sent a detailed letter to the public adjuster by certified mail, reviewing the history of the claim and State Farm’s efforts to obtain documentation of Edwards’ claimed loss. State Farm requested a sworn proof of loss from Edwards, and attempted to set an examination of Edwards under oath regarding his claim. On December 30, 2008, State Farm scheduled the examination for February 10, 2009. The adjuster notified State Farm that Edwards had retained counsel and “they will be in contact with you shortly.” State Farm did not hear from Edwards’ attorney until February 6, 2009, announcing his representation of Edwards and canceling the February 10, 2009 examination under oath.
On February 2, 2009, Edwards sent a sworn proof of loss but did not provide the requested documents or information. On February 4, 2009, State Farm informed Edwards that his submission was incomplete and not on State Farm’s sworn proof of loss form. State Farm enclosed a sworn proof of loss form with its letter to Edwards. Edwards never attended an examination under oath, and State Farm never received any additional documents or information. The amended complaint alleges State Farm breached its contract with Edwards by not paying Edwards’ claim.
Our standard of review is de novo because the trial court granted summary judgment. Bldg. Educ. Corp. v. Ocean Bank, 982 So.2d 37, 40 (Fla. 3d DCA 2008). Summary judgment is correctly granted when the record evidence shows there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c).
At issue in this appeal is whether Edwards complied with two conditions precedent to payment: (1) submission to an examination under oath; and (2) submission of documents that accurately reflect the amount of loss claimed. Failure to comply with a condition precedent to payment relieves the insurer of its duty to make payment. Amica Mut. Ins. Co. v. Drummond, 970 So.2d 456, 459 (Fla. 2d DCA 2007); Starling v. Allstate Floridian Ins. Co., 956 So.2d 511, 513 (Fla. 5th DCA 2007); Stringer v. Fireman’s Fund Ins. Co., 622 So.2d 145, 146 (Fla. 3d DCA 1993).
The trial court correctly determined there was no genuine issue of material fact relating to Edwards’ compliance with these conditions. Under the policy, Edwards must “provide [State Farm] with records and documents [State Farm] requests],” and must “submit to ... examinations under oath.” Policy Section I at 2d(2), (3). Here, it is undisputed that: (1) State Farm made requests for specific, basic documents relating to the loss that were never provided; (2) Edwards knew that, on numerous occasions, State Farm requested Edwards submit to an examination under oath at a mutually convenient place and time, and he did not; and (3) Edwards never submitted any documents relating to the costs he alleges he expended to repair *733 his roof. When these facts are applied to the requirements under Edwards’ insurance policy, State Farm is entitled to judgment as a matter of law in its favor. See, e.g., Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 301 (Fla. 4th DCA 1995) (affirming summary judgment against insured who failed to comply with a condition precedent); see also Starling, 956 So.2d at 513 (finding failure to provide sufficient documentation of the loss as required by the policy sufficiently supported summary judgment for the insurer).
In light of these undisputed facts, we find Edwards’ arguments regarding alleged substantial or belated compliance require unjustified inferences from the record, and are thus without merit sufficient to overcome the trial court’s summary judgment. Edwards’ proffered evidence created no genuine issue of material fact sufficient to reverse judgment granted as a matter of law in State Farm’s favor. See Reflex N.V. v. UMET Trust, 336 So.2d 473, 474-75 (Fla. 3d DCA 1976).
Affirmed.

. The total estimate submitted by Edwards’ adjuster was for $52,510.34, which included the roof replacement, repair to the interior resulting from the damaged roof, and “exteri- or cleanup.”