SCHWARTZ, Senior Judge.
 

 The summary judgment entered below for the insurer on the ground that the insured had failed to comply "with the pre-suit requirements of the policy that, among other things, she provide a satisfactory proof of loss and submit to an examination under oath, is affirmed. See
 
 Edwards v. State Farm Florida Ins. Co.,
 
 64 So.3d 730 (Fla. 3d DCA 2011), and cases cited therein. In particular, we find no error or abuse of discretion in the trial court’s denial of insured’s request to “abate” the action, which was first made almost five years after the loss and only in the face of an imminent ruling against her at the hearing on the carrier’s motion for summary judgment. See
 
 Edwards,
 
 64 So.3d 730 (Fla. 3d DCA 2011);
 
 Amica Mut. Ins. Co. v. Drummond,
 
 970 So.2d 456, 459 (Fla. 2d DCA 2007);
 
 Starling v. Allstate Floridian Ins. Co.,
 
 956 So.2d 511, 513 (Fla. 5th DCA 2007);
 
 Goldman v. State Farm Fire Gen. Ins. Co.,
 
 660 So.2d 300, 301 (Fla. 4th DCA 1995);
 
 Stringer v. Fireman’s Fund Ins. Co.,
 
 622 So.2d 145, 146 (Fla. 3d DCA 1993).
 

 Affirmed.