COHEN, J.
Allstate Floridian Insurance Company (“Allstate”) appeals from the final judgment entered in favor of Thomas Farmer and Margaret Farmer (“the Farmers”) in their breach of contract action for the payment of benefits under a homeowners insurance policy. Allstate claims the trial court erred in denying its motion for judgment in accordance with its motion for a directed verdict, because the Farmers failed to satisfy a condition precedent prior to filing suit. We disagree and affirm.
In October 2006, a large antenna attached to the Farmers’ home was struck by lightning, causing damage to Thomas Farmer’s amateur radio equipment. One month later, their pickup truck was stolen, resulting in its destruction and the loss of additional personal property, including other radio equipment. The Farmers’ home was insured by Allstate and their truck was insured by Allstate Insurance Company, a separate, albeit related, entity from the party on appeal.[1]
A few days after the truck theft, the Farmers filed what they thought to be two loss claims through their Allstate agent. During the claim-filing process, the Farmers gave their agent two handwritten inventory lists of their damaged personal property — one for the items damaged by the lightning strike, and the other for the items lost due to the truck theft — which the agent faxed to Allstate’s claims center. That same day, the Farmers gave Allstate a recorded statement concerning the truck theft.
A few weeks later, in December 2006, Allstate informed the Farmers that they had to file three separate claims, one for the vehicle loss and two for the personal property losses that occurred on different days. The truck loss claim was brought under the Farmers’ motor vehicle insurance policy provided by Allstate Insurance Company. The personal property claims were brought under the homeowners insurance policy provided by Allstate. The Farmers re-submitted a revised handwritten list of the items lost as a result of the truck theft. Near the end of December, Allstate returned to the Farmers a copy of the original list of lightning-damaged items, along with a letter requiring them to obtain an appraisal for items valued over $800. The Farmers had some of the items appraised through a radio product supplier and eventually submitted the requested documentation to Allstate.[2]
While the Farmers’ claims were being processed, the late filing of the lightning damage claim and a duplicative item on both inventory lists raised red flags, resulting in the involvement of Allstate’s special investigation unit (“SIU”) in the claims process.[3] In mid-January 2007, approximately three months after the events giving rise to the claims, Allstate’s SIU *1244 representative obtained a second recorded statement from the Farmers, this time regarding the lightning incident. At the conclusion of the statement, the Farmers asserted that they answered the representative’s questions truthfully and to the best of their knowledge. Shortly thereafter, the SIU representative sent the Farmers a letter outlining the duties of an insured after a loss with an authorization and proof of loss form, the latter of which the Farmers were instructed to fill out, sign and have notarized.[4]
In February, when Allstate had not received a completed authorization or proof of loss form from the Farmers for the property claims, the SIU representative telephoned the insureds to remind them of their obligation to complete and submit the documents, to which Thomas Farmer responded that he was “working on it.”[5] In March, the representative sent a letter to the Farmers stating that Allstate had yet to receive their proof of loss, along with a blank form and instructions to fill out, sign and notarize it. Another such letter was sent two weeks later. The Farmers allegedly completed and mailed the proof of loss to Allstate at some point in the process; Allstate denied ever having received it. In either event, Thomas Farmer admitted at trial that the proof of loss he sent was not notarized.
The next month, at Allstate’s request, the Farmers each agreed to submit to an examination under oath (“EUO”) regarding their claims. In advance of these examinations, Allstate sent the Farmers a letter requesting that they bring certain documents to the EUO, including a completed proof of loss. Subsequently, the Farmers obtained counsel and requested a proof of loss form from Allstate. That request went unanswered. The EUOs were conducted in July, and Allstate did not respond to a follow-up letter from the Farmers’ counsel inquiring if there was anything else Allstate needed to evaluate the claims. Eleven months after the submission of the claims, and despite the fact the SIU representative had all the necessary information to process the Farmers’ property claims, a point it conceded at trial, Allstate still had not rendered a decision as to coverage.[6] The Farmers filed suit in October 2007.
In a two-count complaint for breach of contract, the Farmers generally asserted that they complied with all conditions precedent prior to filing suit. Allstate’s amended answer to the second amended complaint claimed the Farmers were not entitled to recover under the policy because they failed to comply with conditions precedent prior to filing suit, specifically the requirement they submit to Allstate a signed, sworn proof of loss.[7]
*1245 At trial, Allstate moved for a directed verdict on the basis that the Farmers were barred from recovery because a completed proof of loss was a precondition to suit. The Farmers claimed they substantially complied with the proof of loss condition, and, in any event, Allstate was not prejudiced by any breach of the contract. The trial court denied the motion and permitted the jury to consider whether the Farmers’ actions in the claim-filing process substantially complied with the proof of loss condition under the policy. The trial court also allowed the jury to find whether Allstate was prejudiced by any failure to comply with the condition. Allstate objected to those portions of the verdict form that allowed the jury to make a substantial compliance and prejudice determination. Neither party requested a special instruction on the burden of proving prejudice. Ultimately, the jury found the Farmers failed to substantially comply with the duty to provide Allstate with signed, sworn proofs of loss for both claims; however, the jury found Allstate had not been prejudiced by the noncompliance and returned a verdict for the Farmers.
Following trial, Allstate moved the trial court to enter judgment in accordance with the motion for directed verdict. The trial court denied the motion after a hearing and entered judgment in the amount of $11,570.50 for the Farmers, bearing interest at the statutory rate of 11% per year and reserving jurisdiction to determine costs and fees.
On appeal, Allstate argues the jury was not permitted to determine whether the Farmers substantially complied with the proof of loss provision, or whether it was prejudiced by any noncompliance. Allstate claims the trial court ignored this Court’s precedent in Starling v. Allstate Floridian Insurance Co., 956 So.2d 511 (Fla. 5th DCA 2007), and “essentially obliterated” a condition precedent in the policy. As it did below, Allstate asserts that the Farmers materially breached the proof of loss provision by failing to submit a completed form prior to suit, which barred them from recovery as a matter of law. Alternatively, Allstate argues the trial court should have entered judgment in its favor upon the jury’s finding that the Farmers failed to substantially comply with the proof of loss condition, and should not have allowed the jury to determine whether it had been prejudiced by the noncompliance.
The Farmers argue their failure to comply with the proof of loss condition did not entitle Allstate to disclaim coverage as a matter of law. They assert the trial court was correct in allowing them to demonstrate to the jury that Allstate was not prejudiced by any noncompliance with the provision.
As the parties’ issues pertaining to insurance coverage raise questions of law, review is de novo. Herrera v. C.A. Seguros Catatumbo, 844 So.2d 664, 665 (Fla. 3d DCA 2003). An insurance policy is interpreted in accordance with its plain language, and any ambiguity is strictly construed against the drafter and liberally in favor of the insured. Chandler v. Geico Indem. Co., 78 So.3d 1293, 1300 (Fla.2011); U.S. Fid. & Guar. Co. v. Romay, 744 So.2d 467, 471 (Fla. 3d DCA 1999).
The Farmers’ insurance policy with Allstate begins with a general statement regarding the insuring agreement: “Allstate agrees to provide the coverages indicated on the Policy Declarations. In return, you must pay the premium when due and comply with the policy terms and condi *1246 tions.In the event of a loss, the policy requires the insured to provide Allstate with a “signed, sworn proof of the loss” within sixty days after the loss. In pertinent part, paragraph 3(g) requires the proof of loss to include the following information:
1) the date, time, location and cause of loss;
2) the interest insured persons and others have in the property, including any encumbrances;
3) the actual cash value and amount of loss for each item damaged, destroyed or stolen;
4) any other insurance that may cover the loss;
5) any changes in title, use, occupancy or possession of the property that have occurred during the policy period;
6) at our request, the specifications of any damaged building structure or other structure;
7) evidence supporting any claim under the Credit Card, Bank Fund Transfer Card, Check Forgery and Counterfeit Money protection. State the cause and amount of loss.
Within thirty days of receiving the insured’s “signed, sworn proof of loss,” Allstate promises to notify the insured of its intent to repair, replace or pay for the property. Paragraph 12 of the policy, entitled “Suit Against Us,” provides that “[n]o suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within five years after the inception of loss or damage.”
The purpose of a proof of loss provision is to inform the insurer of facts surrounding the loss, and to afford the insurer an adequate opportunity to investigate, prevent fraud, and form an intelligent estimate of its rights and liabilities before it is obliged to pay. 13 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 186.22 (3d ed.2011).[8] Here, the parties stipulate that the proof of loss provision in the Farmers’ policy is a condition precedent to the contract. While no reference is made to forfeiture as the consequence of breach, Florida courts have consistently interpreted proof of loss obligations coupled with similar no-action clauses to be conditions precedent. See, e.g., Soronson v. State Farm Fla. Ins. Co., 96 So.3d 949, 952 (Fla. 4th DCA 2012) (interpreting contract with identical language and concluding proof of loss was condition precedent); Starling, 956 So.2d at 513 (same); cf. Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 304 (Fla. 4th DCA 1995) (determining EUO was condition precedent to suit in policy with like no-action clause).
 A condition precedent represents an obligation to be performed before the contract is effective. See Alvarez v. Rendon, 953 So.2d 702, 708 (Fla. 5th DCA 2007); 31 Fla. Jur.2d Insurance § 2686 (2012). Courts require there to be at least substantial compliance with conditions precedent in order to authorize performance of a contract. See Seaside Cmty. Dev. Corp. v. Edwards, 573 So.2d 142, 145 (Fla. 1st DCA 1991). Here, Allstate argues the Farmers failed to substantially comply with a condition precedent and thus were barred from recovery as a matter of law. For support, Allstate cites Starling.
Premised on facts almost identical to this case, the policy in Starling required *1247 that the insured give the insurer a signed, sworn proof of loss within sixty days of the loss. The policy also provided that “[n]o suit or action may be brought against [the insurer] unless there has been full compliance with all policy terms.” 956 So.2d at 513. After fire damaged her home, the insured filed a claim for coverage. Id. at 512. While processing the claim, which was suspected of being fraudulent, the insurer sent the insured numerous copies of a proof of loss form along with instructions. The insured brought an unnotar-ized, incomplete form to her EUO because she was uncertain of the value of the loss. She also claimed to have already mailed the form to the insurer. Although she agreed to submit a completed form at a later time, she failed to do so before filing suit. Three months after suit, the insured submitted a completed form. Six months later, she submitted to the insurer a eon-tents-inventory list.
The insurer sought summary judgment based on the insured’s failure to provide a notarized proof of loss and a record of repair expenses within the sixty-day period. At a hearing, the insured’s counsel argued substantial compliance with the proof of loss provision. The trial court granted summary judgment after determining the insured failed to comply with a condition precedent to suit, and noted that the insurer did not have to prove prejudice. The trial court relied in part on Goldman, 660 So.2d 300, wherein the court held the insured’s failure to submit to an EUO prior to suit was a material breach of a condition precedent in the policy.
In affirming the lower court, this Court explained:
We take [into] account in interpreting Goldman the concept of materiality as an element of a breach that, as in this case also, justified summary judgment. In other words, a material breach of an insured’s duty to comply with a policy’s condition precedent relieves the insurer of its obligations under the contract.
956 So.2d at 513. This Court went on to provide:
[A] total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law. If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury.
Id. (quoting Haiman v. Fed. Ins. Co., 798 So.2d 811 (Fla. 4th DCA 2001)). Applying Goldman to the proof of loss violation, this Court concluded that the insured’s failure to submit a proof of loss and inventory list constituted a material breach of the condition precedent to suit, and “[h]er failure to substantially comply with the policy’s condition precedent bar[red] recovery.” 956 So.2d at 513-14.
Under Starling, Allstate claims the Farmers’ failure to provide it with a signed, sworn proof of loss constituted a material breach of the policy as a matter of law because the failure to submit a proof of loss prior to suit does not constitute substantial compliance with a proof of loss condition. Even if a fact question was created, based on the Farmers’ cooperation and excuses for noncompliance, Allstate notes that the jury ultimately found the Farmers failed to substantially comply with the proof of loss condition. Accordingly, Allstate argues the Farmers were barred from recovery under Starling.
The Farmers distinguish Starling on the basis that prejudice was not raised and considered in determining whether the breach was material. They argue that an insured may avoid forfeiture resulting from breach of a proof of loss condition upon proving the insurer was not preju *1248 diced by the breach. For support, they cite Bankers Insurance Co. v. Macias, 475 So.2d 1216 (Fla.1985).
In Macias, the supreme court examined the effect of an insured’s failure to provide notice of loss to an insurer under a PIP policy. Following a nonjury trial, the trial court entered judgment for the insurer after finding the insured failed to prove she gave notice and provided proof of the accident. The district court reversed on the basis that the lack of notice required the insurer to show prejudice. Disagreeing with the district court’s application of the burden of proving prejudice, .the supreme court explained:
In Florida different presumptions arise depending on which duty has been breached. If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice. In a breach of cooperation clause case, however, the insurer must show a material failure to cooperate which substantially prejudiced the insurer....
Macias urges us to abandon the Tiedtke[9] presumption of prejudice rule as out of step with the modern trend requiring the insurer to show substantial prejudice resulting from the lack of notice. We decline to do so. A notice of accident in most insurance policies is a condition precedent to a claim. It was so designated in the policy in this case. Such a condition can be avoided by a party alleging and showing that the insurance carrier was not prejudiced by noncompliance with the condition. The burden should be on the party seeking an avoidance of a condition precedent. A failure to cooperate clause, on the other hand, sometimes relieves an insurer of liability. A failure to cooperate is a condition subsequent and it is proper to place the burden of showing prejudice on the insurer.
475 So.2d at 1217-18 (citations omitted) (emphasis added).
The Farmers claim the presumption of prejudice rule discussed in Macias is equally applicable to breaches of proof of loss conditions. Their position is supported by recent cases from the Fourth District Court of Appeal that have applied the prejudice presumption rule where an insured failed to provide both notice and proof of the loss. See Soronson, 96 So.3d at 952-53 (affirming summary judgment in favor of insurer because insured did not present sufficient evidence to rebut presumption of prejudice); Kramer v. State Farm Fla. Ins. Co., 95 So.3d 303, 306-07 (Fla. 4th DCA 2012) (same). Because the Farmers raised prejudice below, they argue the trial court was correct in allowing them to present evidence to rebut the presumption of prejudice to Allstate. As the jury ultimately found Allstate was not prejudiced by their breach of the proof of loss condition, they argue the lower court’s ruling should be affirmed.
This Court recently discussed the burden of proving prejudice and the concept of material breach in State Farm Mutual Automobile Insurance Co. v. Curran, 83 So.3d 793 (Fla. 5th DCA 2011), review granted, 86 So.3d 1114 (Fla.2012). There, we rejected the notion that an insured automatically forfeited benefits under an *1249 insurance policy as a result of the insured’s failure to attend compulsory medical examinations (“CME”) prior to suit. In the absence of explicit policy language making forfeiture the consequence of breach of the condition, we concluded that the remedy had to be proportionate to the harm, i.e., prejudice had to be considered. Id. at 802. In fact, we opined that a material breach meant “a breach causing prejudice.” Id. at 803. Referring to Macias, this Court explained:
We think this conclusion is amply grounded in the decision of our high court in Bankers Insurance Co. v. Macias, 475 So.2d 1216, 1218 (Fla.1985). There, our high court concluded that neither the failure to timely report a claim, nor the breach of the duty to cooperate, gives rise to the automatic forfeiture of insurance benefits, absent prejudice to the insurer. The instant case is analogous in that the contractual provision here is of the same ilk as the claim notice provision discussed in Macias. It is physically grouped together in the same section of the policy that contains the claim notice provision and serves the similar purpose of permitting the insurer the opportunity to adequately investigate the claim. It is also analogous to and overlaps the insured’s duty to cooperate (the other provision addressed in Macias) in that it affords the insurer the opportunity to obtain evidence from the insured, an express duty under the cooperation clause of this policy.... Whether the CME clause is more analogous to a claims notice provision or a cooperation clause bears only on who has the burden on the prejudice issue, not the materiality of a resulting prejudice analysis. In any event, our high court recently made clear that the burden to plead and prove a breach of a CME clause is on the insurer.
88 So.3d at 802 (footnote omitted). As the insurer in Curran failed to meet its burden of proving prejudice, we held that the insured’s breach was not material. Id. at 806.
Allstate claims that the Macias prejudice analysis is limited to notice of loss cases, and that this Court should not extend the analysis to proof of loss eases. Borrowing from De Ferrari v. Government Employees Insurance Co., 613 So.2d 101, 103 (Fla. 3d DCA 1993), Allstate argues Macias did not create a new duty or obligation to establish prejudice where none previously existed. In Curran, however, this Court rejected De Ferrari and explained that no new duty was being created under the contract by analyzing prejudice. 83 So.3d at 804. Like the contract in Curran, the contract in this case “establishes a duty without specifying the consequences when that duty is breached.”[10] Id. at 805. Thus, even in proof of loss cases, prejudice is an issue in determining whether forfeiture results from an insured’s breach.
As highlighted in Curran, the notice of loss and proof of loss provisions are of the same ilk as they are both designed to aid an insurer in the investigation of a claim. Indeed, the prejudice that arises from an *1250 insured’s failure to provide notice of a claim is arguably greater than the failure to provide a proof of loss form, the importance of which has been criticized as specious in today’s insurance industry. See Eugene R. Anderson et al., Draconian Forfeitures of Insurance: Commonplace, Indefensible, and Unnecessary, 65 Ford-ham L.Rev. 825, 842 (1996) (“Nearly every insurance company has a special unit to ferret out false claims and the insurance industry has a plethora of industry-wide organizations to combat insurance fraud.”). Moreover, an insurer’s ability to avoid coverage based on an insured’s failure to submit a form, in the absence of prejudice, is akin to winning on a technicality and violates the general rule against forfeiture. See Johnson v. Life Ins. Co. of Ga., 52 So.2d 813, 815 (Fla.1951).
In the instant case there is little to no indication Allstate was hampered in its investigation of the Farmers’ claims without the proof of loss form. To the contrary, the evidence reflected that the Farmers were extremely cooperative with Allstate, giving recorded statements, providing documentation, obtaining appraisals, and submitting to EUOs, all prior to the start of litigation. Allstate’s own representative admitted she had all the information necessary to resolve the claims. Allstate had every opportunity to resolve the dispute and avoid litigation and the specter of unnecessary attorney’s fees, but failed to avail itself of that opportunity. While the timing of the lightning strike claim and duplicative item might have raised “red flags,” Allstate presented no evidence of a fraudulent claim.
Properly applying the Macias prejudice presumption rule, the trial court did not err in allowing the Farmers to prove to the jury that Allstate was not prejudiced by their failure to substantially comply with the proof of loss condition.[11] The overarching question before the jury was whether there was a material breach. The jury found Allstate was not prejudiced by the Farmers’ failure to submit a signed, sworn proof of loss form and, therefore, there was no material breach of the contract. Accordingly, we affirm the trial court’s decision to deny Allstate’s motion for judgment in accordance with its motion for a directed verdict.
As a final matter, Allstate argues the 11% interest rate applicable to the judgment was entered in error as it was not the applicable statutory interest rate in effect at the time of the judgment under section 55.03(3), Florida Statutes (2011). The judgment was signed and filed in February 2012, and the postjudgment interest rate after January 1, 2012, was 4.75%.[12] *1251 Although Allstate prepared the final judgment, this Court can correct a mistake in the postjudgment interest rate easily, without addressing substantive issues, and with little burden on the rule of finality. See Phenion Dev. Group, Inc. v. Love, 940 So.2d 1179, 1184 (Fla. 5th DCA 2006). The judgment should be amended to reflect the proper postjudgment interest rate.[13]
AFFIRMED; AMENDED as to post-judgment interest.
LAWSON, J., concurs.
BERGER, J., dissents, with opinion.

. Allstate and Allstate Insurance Company were subsidiaries of Allstate Insurance Group.

. As to the claim with Allstate Insurance Company, the Farmers completed and signed two authorization forms and an affidavit of vehicle theft, in which they cross-referenced the truck-contents list submitted to Allstate.

. Although the precise date on which the Farmers filed the lightning claim was contested at trial, there was no dispute the Farmers waited at least one month to file the claim. Thomas Farmer explained that he delayed filing the lightning claim because he first wanted to personally investigate, sort through, and attempt to fix the damaged hardware. As for the allegedly duplicative items, Farmer owned two of the same type of radio equipment, one located in the house and the other in the truck.

. The representative admitted at trial that the proof of loss form was confusing. She often sent it along with a checklist to aid the insured, but could not remember whether she sent such a checklist to the Farmers. She relied on the forms in the investigation of claims and would sometimes extend the time for filing as a courtesy to the insured. While she sent proof of loss forms to the insured in every case, she has processed claims without the form before.

. The SIU representative testified at trial that Thomas Farmer expressed hesitancy in submitting the authorization forms for the property claims. As to the proof of loss form, the representative was led to believe the Farmers were having difficulty getting the items appraised. Thomas Farmer testified that he did not refuse to sign anything that was asked of him.

. Allstate Insurance Company covered the vehicle loss.

. Allstate also alleged the Farmers misrepresented the facts and circumstances surrounding the claims, in violation of an anti-fraud provision to the policy. At trial, however, Allstate withdrew the fraud allegations related *1245 to the claim for the truck contents. The trial court directed verdict for the Farmers on the fraud allegations related to the claim for the lightning-damaged items.

. The proof of loss provision is closely related to, and often discussed together with, an insured's duty to provide notice of an occurrence or loss, which is designed to give an insurer information to commence a timely investigation. Couch on Insurance § 186.8.

. Tiedtke v. Fid. & Cas. Co. of New York, 222 So.2d 206, 207 (Fla.1969) (approving view, in delayed notice cases, that insurer will not be relieved of liability if insured can demonstrate no prejudice). Older Florida cases cited Tiedtke to support the notion that an insured’s failure to give notice and proof of loss are not absolute defenses to coverage if the insured can establish the insurer was not prejudiced. See e.g., H.S. Equities, Inc. v. Hartford Accident & Indent. Co., 334 So.2d 573, 575 (Fla.1976).

. The policy in this case does not clearly or explicitly provide that forfeiture is a consequence of breach of the proof of loss obligation. Including the word "unless” in place of "until” does little to alleviate the concerns expressed in Curran. Liberally construed in favor of the insured, the policy language suggests the breaching insured has the right to cure the violation and retains the right to recover under the policy. Accord Parris v. Great Cent. Ins. Co., 148 Ga.App. 277, 251 S.E.2d 109, 110 (1978).

. There was no question below that the Farmers carried the burden of proving lack of prejudice. Allstate's argument that the trial court’s failure to make a finding or ruling that the Farmers satisfied their burden to rebut the presumption constituted reversible error is meritless. Denying the Farmers’ motion as to prejudice, the trial court aptly identified the burden of proof and explained that there was conflicting evidence as to whether Allstate was prejudiced. The prejudice question, therefore, was properly before the jury. Despite the trial court's observation as to the burden of proof, no special jury instruction on the burden of proof was requested, presumably because Allstate took the position that the issue of prejudice was erroneously placed before the jury.

. Pursuant to Chapter 2011-169, § 1, at 2893, Laws of Florida, which amended section 55.03, Florida Statutes, the Chief Financial Officer sets the judgment interest rate quarterly. See Florida Department of Financial Services, http://www.myfloridacfo.com/ aadir/interest.htm (last visited Nov. 27, 2012).

. By not cross-appealing, the Farmers waived any argument as to their entitlement to prejudgment interest as part of the damage award from Allstate. See Jessup v. Redondo, 394 So.2d 1031, 1033 (Fla. 3d DCA 1981).