**Ronald REDDY and Yolanda Reddy, Appellants,**

v.

**STATE FARM FLORIDA INSURANCE COMPANY, Appellee.**

No. 3D16–512.

District Court of Appeal of Florida, Third District.

Nov. 23, 2016.

The Monfiston Firm and Daniel L. Monfiston, for appellants.

Chimpoulis, Hunter & Lynn, Plantation; Russo Appellate Firm, Elizabeth K. Russo and Kevin D. Franz, for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

PER CURIAM.

Affirmed. *Gonzalez v. State Farm Fla. Ins. Co.*, 65 So.3d 608, 609 (Fla. 3d DCA 2011) (holding "[t]he summary judgment entered below for the insurer on the ground that the insured had failed to comply with the pre-suit requirements of the policy that, among other things, she provide a satisfactory proof of loss and submit to an examination under oath, is affirmed."); *Edwards v. State Farm Fla. Ins. Co.*, 64 So.3d 730 (Fla. 3d DCA 2011) (affirming summary judgment in favor of insurer based upon insured's failure to comply with condition precedent by providing insurer with documents accurately reflecting the amount of loss claimed); *Hunt v. State Farm Fla. Ins. Co.*, 145 So.3d 210, 211–12 (Fla. 4th DCA 2014) (observing that "[i]t is well settled in Florida that submission of a sworn proof of loss when required by an insurance policy is a condition precedent to coverage. If the insured fails to comply with a condition precedent before filing suit, its breach is deemed material, and thus the insurer is relieved of its duties under the policy")(internal citations omitted); *Starling v. Allstate Floridian Ins. Co.*, 956 So.2d 511, 513 (Fla. 5th DCA 2007) (holding that "[w]here the insured has failed to provide sworn proof-of-loss in accordance with the policy contract, the insured is barred from filing suit against the insurer for the policy proceeds").