IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDDRIN MARTINEZ AND
CARMEN MARTINEZ,

      Appellants,

 v.

Case No. 5D21-3016
LT Case No. 2016-CA-1296

UNIVERSAL PROPERTY &
CASUALTY INSURANCE COMPANY,

      Appellee.

_____/

Opinion filed February 9, 2023

Appeal from the Circuit Court
for Hernando County,
Donald Scaglione, Judge.

Melissa A. Giasi, and Erin M. Berger,
of Giasi Law, P.A., Tampa, for
Appellant.

Paulo R. Lima, and Elizabeth K.
Russo, of Russo Appellate Firm,
P.A., Miami, for Appellee.


EVANDER, J.

In this homeowners' insurance case, Eddrin and Carmen Martinez ("Insureds") appeal a summary final judgment entered in favor of Universal Property & Casualty Insurance Company ("Universal"). The summary judgment was granted on the grounds that Insureds failed to file a sworn proof of loss prior to filing suit against Universal. We reverse. The timeline stipulated to by the parties at the summary judgment hearing reflects that Universal denied coverage prior to the date on which Insureds were required to submit the sworn proof of loss. Consequently, the trial court erred in granting summary judgment in favor of Universal.

In their operative complaint,[1] Insureds alleged that they suffered damage covered under their insurance policy with Universal as a result of two separate plumbing leaks. A plumbing leak in the bathroom was alleged to have occurred on November 6, 2015, and a plumbing leak in the kitchen was alleged to have occurred on November 23, 2015. Written notice of the claims was provided to Universal on December 16, 2015, and Universal inspected the property on January 13, 2016. On January 20, 2016, Universal requested Insureds to provide a sworn proof of loss and other documentation within sixty days. However, prior to the expiration of the sixty-day period, Universal

---

[1] Insureds filed separate actions on their two claims. The two cases were subsequently consolidated.

2

denied coverage on both claims on the grounds of Insureds' "repeated lack of cooperation, failure to comply with . . . post-loss obligations, and failure to provide requested documents." Subsequent to its denial of Insureds' claims, Universal did tender a payment on one of the two claims. However, Insureds rejected that tender and subsequently filed suit. It is undisputed that Insureds did not provide a sworn proof of loss to Universal prior to commencing the actions below.

The insurance policy at issue provided that in case of a loss to covered property, Insureds were required to send Universal "within 60 days after [Universal's] request," a sworn proof of loss. The policy further stated that no action could be brought against Universal under the policy "unless the policy provisions have been complied with." "[A] policy provision requiring an insured to submit a sworn proof of loss is a condition precedent to a suit against an insurer." *Bryant v. GeoVera Specialty Ins. Co.*, 271 So. 3d 1013, 1021 (Fla. 4th DCA 2019). However, "[w]hen an insurer denies in advance that it has any liability under the policy coverage, the formal filing of a proof of loss becomes, in the eyes of the law, a useless and unnecessary thing that would accomplish nothing." *Keel v. Indep. Life & Accid. Ins. Co.*, 99 So. 2d 225, 227 (Fla. 1957); *see also Goldberg v. Universal Prop. & Cas. Ins. Co.*, 302 So. 3d 919, 925 (Fla. 4th DCA 2020) ("An insurer's repudiation of

3

coverage waives the insurer's right to insist upon the insured's compliance with policy conditions, such as filing a proof of loss."). Here, Universal denied coverage prior to the expiration of the time period in which Insureds were required to submit a proof of loss, thereby relieving Insureds of their obligation to do so prior to filing suit.

Furthermore, an insured's failure to provide a proof of loss does not automatically result in a forfeiture of coverage. An insured may avoid forfeiture resulting from a breach of a proof of loss condition by proving that the insurer was not prejudiced. *See Allstate Fla. Ins. Co. v. Farmer*, 104 So. 3d 1242, 1249 (Fla. 5th DCA 2012) ("Thus, even in proof of loss cases, prejudice is an issue in determining whether forfeiture results from an insured's breach."). Here, Universal's "premature" denial of coverage letter constituted evidence that it was not prejudiced by Insureds' failure to provide a sworn proof of loss. As we observed in *Farmer*, the purpose of a proof of loss provision "is to inform the insurer of facts surrounding the loss, and to afford the insurer an adequate opportunity to investigate, prevent fraud, and form an intelligent estimate of its rights and liabilities before it is obliged to pay." *Id.* at 1246. Universal's decision to deny coverage before the time period for the submittal of a sworn proof of loss had expired supports a

4

determination that it was not hampered in its investigation of Insureds' claims by a lack of a proof of loss form.

For the reasons set forth above, we conclude that the trial court erred in granting summary judgment in favor of Universal.

REVERSED and REMANDED.


EDWARDS and HARRIS, JJ., concur.