DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALTON FORBES,**
Appellant,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D2023-2375

[January 8, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Jr., Judge; L.T. Case No. CACE 15-2419.

Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellant.

Mark D. Tinker and Brandon J. Tyler of Cole, Scott & Kissane, P.A., Tampa, and Brett Frankel and Jonathan Sabghir of People's Trust Insurance Company, Deerfield Beach, for appellee.

PER CURIAM.

In a series of thoughtful, detailed orders on motions for summary judgment, the circuit court ruled against appellant, the plaintiff below, because appellant had failed to complete the proof of loss form required by the insurance policy for the property damage claim. We affirm the resulting final judgment against appellant. We reject appellant's argument that the insurer's improper attempt to utilize a preferred contractor to make repairs relieved appellant of the duty to submit a proof of loss, as the latter was an independent obligation under the insurance contract. The undisputed evidence showed that the insurer requested a formal proof of loss after the insurer had abandoned its reliance on an invalid preferred contractor endorsement, and that appellant failed to comply with this request.

As to the argument that the failure to file a proof of loss did not prejudice the insurer, we are bound by *Goldman v. State Farm Fire General Insurance Co.*, 660 So. 2d 300, 303 (Fla. 4th DCA 1995), which holds that an "insurer need not show prejudice when the insured breaches a condition precedent to suit." We certify conflict with the following cases:

*Am. Integrity Ins. Co. v. Estrada*, 276 So. 3d 905, 916 (Fla. 3d DCA 2019) (holding that "the insurer must be prejudiced by the insured's non-compliance with a post-loss obligation in order for the insured to forfeit coverage," and that when "an insured has failed to substantially comply with a contractually mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer"); *Shivdasani v. Universal Prop. & Cas. Ins. Co.*, 306 So. 3d 1156, 1162 (Fla. 3d DCA 2020) (applying *Estrada*); *Allstate Floridian Ins. Co. v. Farmer*, 104 So. 3d 1242, 1250 (Fla. 5th DCA 2012) (holding that the trial court did not err in allowing the insureds to prove to the jury that the insurer was not prejudiced by their failure to submit a proof of loss).

*Affirmed; conflict certified.*

WARNER, GROSS and MAY, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***