ORFINGER, J.
Following a non-jury trial, Adiel Gorel and FLCA Tropical Holdings, LLC, appeal the trial court’s final judgment of foreclosure in favor of The Bank of New York Mellon, as successor trustee under Novas-tar Mortgage Funding Trust, Series 2005-2 (“Bank”). On appeal, Mr. Gorel and FLCA contend that Bank lacked standing to bring the foreclosure action and failed to comply with the conditions precedent to foreclosure. We agree that Bank failed to prove standing and reverse.
Mr. Gorel executed a promissory note, promising to pay $176,168 plus interest to Novastar Mortgage, Inc. At the same time, he also executed a mortgage securing the note. Both the note and the mortgage identified the lender as Novastar.[1] On January 19, 2010, Novastar’s loan servicer sent a default notice to Mr. Gorel for failing to pay amounts due under the note. The notice stated that “the Breach must be cured by close of business on February 17, 2010 by sending a payment ... in the sum of $8,627.95.” When Mr. Gorel failed to cure the default, Bank filed its complaint to foreclose the mortgage. The complaint included copies of the note and mortgage, and an assignment of mortgage assigning the mortgage to Bank from MERS.[2] The copy of the nqte attached to the complaint was not indorsed. In its complaint, Bank alleged that it was the owner and holder of the note and mortgage by virtue of an assignment of mortgage and that all conditions precedent to the acceleration had been met. Mr. Gorel and FLCA answered and filed affirmative defenses, challenging Bank’s standing and whether the notice required by paragraph 22 of the mortgage was provided.
At trial, the court admitted the original note and mortgage, the default letter sent to Mr. Gorel, and Mr. Gorel’s payment history into evidence. The original note offered by Bank, unlike the copy attached to the complaint, contained an undated special indorsement from Novastar, not to Bank, but to “JP Morgan Chase Bank, National Association, as Trustee for No-vastar Home Equity Loan Asset Backed Certificates, Series 2005-2-.” After reserving ruling on Mr. Gorel’s motion for involuntary dismissal, the trial court entered a final judgment of foreclosure in favor of Bank. This appeal follows.
“A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.” McLean v. JP Morgan Chase Bank Nat'l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA *46 2012) (finding that, to establish standing, plaintiff must show it held or owned note at time complaint was filed). Under section 673.3011, Florida Statutes (2013), a person entitled to enforce the note and foreclose on a mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes. Thus, “[t]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action.” Deutsche Bank Nat’l Trust Co. v. Lippi, 78 So.3d 81, 84 (Fla. 5th DCA 2012) (citing Philogene v. ABN Amro Mortg. Grp. Inc., 948 So.2d 45, 46 (Fla. 4th DCA 2006)). “The party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.” Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010). If the note does not name the plaintiff as the payee, the note must bear a special indorsement in favor of the plaintiff or a blank indorsement. Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010). Additionally, a plaintiff can submit “an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note” in order to establish standing. Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195, 1196 (Fla. 4th DCA 2012). “A witness who testifies at trial as to the date a bank became the owner of the note can serve the same purpose as an affidavit of ownership.” Sosa v. U.S. Bank Nat’l Ass’n, 153 So.3d 950, 951 (Fla. 4th DCA 2014).
“A trial court’s decision as to whether a party has satisfied the standing requirement is reviewed de novo.” Sosa v. Safeway Premium Fin. Co., 73 So.3d 91, 116 (Fla.2011). Here, the trial court erred in finding that Bank had standing to foreclose. To prove standing, Bank attached an assignment of mortgage to its complaint, showing an assignment from MERS to Bank. Although the assignment was dated prior to the initiation of the foreclosure action, it was never admitted into evidence at trial or discussed by Bank’s only witness. At trial, Bank’s witness testified in conclusory fashion that Bank was entitled to enforce the note. However, that testimony failed to establish when Bank took possession of the note or that it acquired the note prior to the commencement of the foreclosure action. Further, no testimony or other evidence explained why the note attached to the complaint had no indorse-ments, while the original note offered into evidence contained an undated indorsement to Chase, but not to Bank.
Section 673.2051(1), Florida Statutes (2013), provides that
[i]f an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a “special indorsement.” When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the in-dorsement of that person.
Under section 673.2051(1), the special indorsement established that Chase had standing to bring the foreclosure action. See Dixon v. Express Equity Lending Grp., LLLP, 125 So.3d 965, 967 (Fla. 4th DCA 2013) (holding that bank who filed foreclosure complaint did not have standing to foreclose when original note contained special indorsement in favor of another party); Khan v. Bank of Am., N.A., 58 So.3d 927, 928 (Fla. 5th DCA 2011) (holding that bank failed to establish it had standing to foreclose mortgage as matter of law where copy of note attached to amended complaint bore indorsement as *47 signing note to another bank). Negotiation of a specially indorsed note requires both possession and an indorsement by the named payee, in this case, Chase. See Lacombe v. Deutsche Bank Nat’l Trust Co., 149 So.3d 152, 153 (Fla. 1st DCA 2014). Here, no record evidence established that Chase further indorsed the note to Bank, either specially or in blank, or any substitution of trustee for the No-vastar mortgage pool. Setting aside the fact that it is undated, the indorsement on the original note suggests that Chase was the proper party to file the foreclosure complaint, not Bank. See Jelic v. LaSalle Bank Nat’l Ass’n, 160 So.3d 127 (Fla. 4th DCA 2015).
Mr. Gorel and FLCA also assert that Bank failed to provide sufficient evidence that it- complied with paragraph 22 of the mortgage. Specifically, they argue that the default notice did not specify a date not less than thirty days from the date the notice was given to Mr. Gorel, by which the default must be cured. “[A] mortgagee’s right to the security for a mortgage is dependent upon its compliance with the terms of the mortgage contract, and it cannot foreclose until it has proven compliance.” DiSalvo v. SunTrust Mortg., Inc., 115 So.3d 438, 439 (Fla. 2d DCA 2013). “Under Florida law, contracts are construed in accordance with their plain language, as bargained for by the parties.” Konsulian v. Busey Bank, N.A., 61 So.3d 1283, 1285 (Fla. 2d DCA 2011).
Paragraph 22 of the mortgage provides, in pertinent part:
Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured....
Bank’s default letter set a cure date twenty-nine days later, not thirty or more as required. We agree with Bank that the defective notice did not prejudice Mr. Go-rel, as he made no attempt to cure the default. Absent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract. Allstate Floridian Ins. Co. v. Farmer, 104 So.3d 1242, 1248-49 (Fla. 5th DCA 2012) (holding breach of condition precedent must be material, meaning one causing prejudice, to constitute defense to enforcement of contract).
For the reasons discussed, we ^reverse the final judgment of foreclosure.
REVERSED and REMANDED.
WALLIS and LAMBERT, JJ., concur.

. The mortgage further identified the Mortgage Electronic Registration Systems, Inc. ("MERS”) as "a separate corporation that is acting solely as the nominee for [Novastar] and [Novastar's] successors and assigns.”

. The assignment of mortgage was not admitted into evidence at the trial.