NORTHCUTT, Judge.
St. Andrews at the Eagles, Inc., appeals a final judgment of foreclosure in favor of Bank of America.[1] We reverse because the Bank failed to prove its standing.
On October 12, 2009, a residential foreclosure complaint was filed by BAC Home Loans Servicing, L.P., formerly known as Countrywide Homes Loans Servicing, L.P. The first count was to foreclose on a mortgage given by Marie Black; the second count was to reestablish a lost note and mortgage. St. Andrews was named as a defendant based on allegations that it might claim a subordinate interest or lien in the property “by virtue of possible association liens and assessments.”
On the copies of the mortgage and note attached to the complaint, the lender was identified as Countrywide Bank, FSB. Mortgage Electronic Registrations Systems, Inc., commonly referred to as MERS, was named as the nominee for the lender and its successors and assigns. There was neither an endorsement on, nor an allonge attached to, the note.
St. Andrews answered the complaint and pleaded an affirmative defense asserting that BAC lacked standing to foreclose. In response to St. Andrews’ request to produce, BAC filed an assignment of the mortgage from MERS to BAC. The assignment stated that it was signed November 5, 2009, which was almost a month after the foreclosure complaint was filed, “but effective as of’ October 5, 2009, about a week before the complaint was filed. A stamp indicated that it was recorded in the Hillsborough County public records on December 16, 2009.
The assignment was prepared by David Stern, whose firm represented BAC in this case. Stern was ultimately disbarred in 2014. Fla. Bar v. Stern, 133 So.3d 529 (Fla.2014). Even before that happened, BAC retained new attorneys. In February 2012, BAC moved for leave to file an amended complaint. The motion recited BAC’s hiring of new counsel due to the Bar investigation of Stern; it also reported BAC’s merger with Bank of America, N.A. The Bank filed an affidavit by its new *14 attorney, who averred that his firm was in possession of the original note and mortgage. The amended complaint contained a single count for foreclosure and alleged that Bank of America “owns and holds” the mote and mortgage. In support, the Bank relied on the same assignment of mortgage that had been prepared by Stern. Additionally, the Bank relied on a blank endorsement on the note, which did not appear on the copy that BAO filed with the original complaint. The endorsement was undated but apparently signed, and it stated:
PAY TO THE ORDER OF WITHOUT RECOURSE. COUNTRYWIDE BANK, FSB
BY_
LAURIE MEDER SENIOR VICE PRESIDENT
St'. Andrews filed an answer to the amended complaint and again alleged lack of standing as an affirmative defense. At trial, the Bank presented the testimony of Philip Houghtby, who was employed by Bank of America as assistant yice president, mortgage resolution associates. He recounted that he reviewed the Bank’s records concerning this loan, which included records from Countrywide/BAC that were incorporated into the Bank’s records after the merger. . Houghtby testified that the Bank was actually in possession of the note when the original complaint was filed, but he did not know and was unable to say when the note was, endorsed.
As indicated, the note was payable to Countrywide Bank, which was not a party to the foreclosure action. To be a holder entitled to enforce under the facts of this case, Bank of America was required to show physical possession of the original note and an endorsement or allonge either in blank or in favor of the plaintiff. See Kiefert v. Nationstar Mortg,, LLC, 153 So.3d. 351, 353 (Fla. 1st DCA 2014). The endorsement must have occurred before the filing of the complaint because it is axiomatic that standing must be shown as of the filing of the complaint. Focht v. Wells Fargo Bank, N.A., 124 So.3d 308, 310 (Fla. 2d DCA 2013). Here, Bank of America failed to show when the endorsement was added.
Had the note with the blank endorsement been filed with the original complaint, that would have been sufficient to show standing. See Am. Home Mortg. Servicing, Inc. v. Bednarek, 132 So.3d 1222 (Fla. 2d DCA 2014) (concluding that there was sufficient evidence of standing when the note attached to the original complaint contained the blank endorsement and the plaintiff introduced the original at trial). But in this case, the original complaint included a count to reestablish a lost note, and the copy of the note attached to that complaint lacked the endorsement. Thus, a later filed copy of the note with the endorsement did not suffice to show standing at the time the complaint was filed. See May v. PHH Mortg. Corp., 150 So.3d 247 (Fla. 2d DCA 2014) (reversing final judgment of foreclosure after jury trial when plaintiff failed to show standing at beginning of case; original complaint included count to reestablish lost note and attached copy of note with no endorsement; later filing of original note with endorsements was not sufficient because bank' failed to show when note was endorsed).
Reversed.
KHOUZAM and LUCAS, JJ., Concur.

. The Eagles Master Association was dropped from the case below by a clerk's default, which is not challenged on appeal.