LAMBERT, J.
Victoria Schmidt and Michael Messina (“Borrowers”) appeal a final judgment of foreclosure entered in favor of Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2006-OPT4, Asset-Backed Certificates, Series 2006-OPT4, (“Bank”) after a nonjury trial. Concluding that Bank failed to establish that it had standing at the time it filed its foreclosure complaint, we reverse and remand for further proceedings.
*939 Bank filed its complaint against Borrowers on January 8, 2010. It sought to foreclose on the mortgage and to reestablish a lost note. Bank attached to its complaint a copy of the mortgage and a copy of the note. The lender was Option One Mortgage Corporation. The copy of the note attached to the complaint contained no endorsements. Bank alleged in its complaint that it was not in possession of the note and could not reasonably obtain possession of the note because it was lost, stolen, or destroyed.
Borrowers moved to dismiss the complaint, asserting among other things that Bank lacked standing to bring suit on the note and mortgage. On April 5, 2010, prior to a ruling on Borrowers’ motion to dismiss, Bank filed with the clerk of court an assignment of mortgage dated January 26, 2010, which provided in pertinent part that Sand Canyon Corporation f/k/a Option One Mortgage Corporation assigned and transferred to Bank the mortgage “together with the note of obligation described in said mortgage.” There was no language in the assignment of mortgage indicating that the assignment had retroactive effect prior to January 26, 2010. Two days later, on April 7, 2010, Bank filed with the clerk of the court the original note, the original mortgage, and an original allonge.[1] The allonge is dated March 8, 2006, which is the same date as the promissory note. It was signed by an assistant secretary with Option One Mortgage Corporation and contained a blank endorsement, making the note “payable to bearer and [negotiable] by transfer of possession alone until specially indorsed.” § 673.2051(2), Fla. Stat. (2006).
Two days after filing these original documents, Bank filed a notice dropping its cause of action to reestablish the lost note. Borrowers later withdrew their previously filed motion to dismiss and filed an answer, raising several affirmative defenses, including that Bank lacked standing to bring the suit.
Bank called one witness at trial. The witness, Harrison Whittaker, worked as a loan analyst for Ocwen Loan Servicing, the most recent servicer for Borrowers’ loan. He explained that he reviews our “business records in preparation for testimony, depositions in foreclosure matters.” At the commencement of the bench trial, the court, without objection, took judicial notice of the fact that the original note and mortgage were filed with the clerk of court on April 7, 2010. The court then inquired of Borrowers’ counsel what defense he planned to argue, at which point counsel reiterated that the “[l]ack of standing at the conception of the case is probably the biggest one.” Pertinent to the issue of standing, the following exchange occurred:
THE COURT: Are you familiar with the books and records of the plaintiff as they relate to this particular foreclosure case?
THE WITNESS: lam.
[[Image here]]
THE COURT: Okay. Now, have you examined the note in the case?
THE WITNESS: Yes, I have.
THE COURT: Was it held by the bank at the time the suit was filed?
THE WITNESS: Yes, it was.
THE COURT: And how do you know that?
THE WITNESS: The allonge that’s attached to the original note is dated. I *940 believe the exact date is in March of 2006,1 believe. I’m not quite—
THE COURT: Was it signed in blank?
THE WITNESS: Yes.
THE COURT: And was it physically in the possession of the servicer during that time?
THE WITNESS: I don’t — I don’t have records showing the exact — in their possession physically. I do know, looking through the allonge, that it was dated prior to the bringing up of this action.
At this point of the trial, no business records had been admitted into evidence. Essentially, Bank’s witness testified in a con-clusory fashion that, based on his review of Bank’s records, Bank held the note at the time suit was filed because the allonge is dated March 8, 2006.
On cross-examination, Borrowers’ counsel, in light of the initial allegations in the complaint that Bank did not have possession of the note when suit was filed, attempted to explore how the witness actually knew that Bank held possession of the note at the time of suit since it was not based on the “documentary facts.” At this point, and before cross-examination had concluded, the court stated:
THE COURT: It’s based on his knowledge. He says he’s familiar with the books and records and he satisfied me that it was held by the bank. Now, maybe you’ve got some evidence that would move me off that position, but as it stands now—
At the conclusion of the witness’s testimony, Bank’s counsel advised the court that she had no further testimony to present. Bank then admitted into evidence the original note and mortgage, the loan payment history,[2] an acceleration letter, and documents entitled “Mortgage Loan Purchase Agreement” and a “Pooling and Servicing Agreement” (“PSA”). Counsel then briefly stated to the court that Bank had established by a preponderance of the evidence “the existence of an agreement, a default and acceleration of the debt to maturity in the amounts due and owing.” Borrowers moved for an involuntary dismissal, arguing that Bank failed to prove standing. The trial court, without specifically ruling on the motion, found that Bank held the note at the time suit was filed and that Borrowers were in default. Thereafter, the court entered the final judgment presented by Bank’s counsel at the conclusion of the trial.
“A crucial element in any mortgage foreclosure proceeding is that .the party seeking foreclosure must demonstrate that it has standing to foreclose.” McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012) (citing Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010); Verizzo v. Bank of N.Y., 28 So.3d 976, 978 (Fla. 2d DCA 2010); Philogene v. ABN Amro Mortg. Grp., Inc., 948 So.2d 45, 46 (Fla. 4th DCA 2006)). The burden is on the party seeking foreclosure to prove by substantial competent evidence that it has standing. See Boyd v. Wells Fargo Bank, N.A., 143 So.3d 1128, 1129 (Fla. 4th DCA 2014). Here, Bank asserted it had standing as the holder of the note. To be a “holder” entitled to enforce under the facts of this case, Bank was required to show physical possession of the original note and the allonge endorsed in blank. See § 671.201(21), Fla. Stat.; see also Eagles Master Ass’n Inc. v. Bank of Am., N.A., — So.3d-, 40 Fla. L. Weekly D1510, 2015 WL 3915871, at *2 (Fla. 2d DCA *941 June 26, 2015) (citing Kiefert v. Nationstar Mortg., LLC, 153 So.3d 351, 353 (Fla. 1st DCA 2014)). “The endorsement must have occurred before the filing of the complaint because it is axiomatic that standing must be shown as of the filing of the complaint.” See Eagles Master, — So.3d at-, 40 Fla. L. Weekly D1510, at *2 (citing Focht v. Wells Fargo Bank., N.A., 124 So.3d 308, 310 (Fla. 2d DCA 2013)). We apply a de novo standard of review in determining whether a party has standing to bring an action. Boyd, 143 So.3d at 1129.
We find that Bank did not present substantial competent evidence that it was the holder of the note and allonge at the time it filed the foreclosure complaint. Essentially, Bank’s argument at trial was that the allonge was dated March 8, 2006, which predates the filing of the law suit and, therefore, it must have had possession of the note before suit was filed. However, in this case, the original complaint included a count to reestablish a lost note specifically alleging that Bank -did not physically possess the note, and the al-longe endorsed in blank was not attached to the copy of the note that was attached to the complaint. Additionally, when asked by the court, Bank’s only witness stated that he had no personal knowledge as to when Bank came into possession of the note and allonge; he specifically testified that he did not have records, which were his sole basis of knowledge, showing when Bank physically came into possession of the note. This testimony is insufficient to establish Bank was the holder of the note when suit was filed and is especially so since Bank previously filed an assignment of mortgage that stated that the original lender had assigned the mortgage and the note to Bank on January 26, 2010, which is 18 days after suit was filed. It therefore became incumbent upon Bank to present competent evidence at trial to explain how it became a holder of the note prior to suit being filed, which it did not do.
On appeal, Bank argues for the first time that sufficient competent evidence established that it was the holder of the note prior to suit being filed for two reasons: (1) pursuant to the Mortgage Loan Purchase Agreement', the note was sold by the original lender, Option One Mortgage Corporation, to Soundview Home Loan Trust 2006-OPT4, with Bank acting as Trustee; and (2) pursuant to the terms of a separate PSA, dated May 1, 2006, the properly endorsed original note was required to be delivered to Bank concurrently with the execution of the PSA.[3]
The PSA named Financial Assets Securities Corporation as the depositor, Option One Mortgage Corporation as the servicer, and Bank as Trustee. The Mortgage Loan Purchase Agreement listed Financial Assets Securities Corporation as the purchaser and Option One Owner Trust as seller. At trial, there was no competent testimony from Bank’s witness that the note was transferred into the PSA prior to *942 the foreclosure action being filed and there was no evidence that Financial Assets Securities Corporation, as depositor under the PSA, had the intent to transfer any interest in the note to Bank, as trustee. See Balch v. LaSalle Bank, N.A., 2015 WL 3759716, 40 Fla. L. Weekly D1408, at *1 (Fla. 4th DCA June 17, 2015). Furthermore, there was insufficient testimony and evidence that the note and mortgage in this case were actually included as part of the Mortgage Loan Purchase Agreement.
Because Bank failed to establish standing at the time of filing of the complaint, we reverse and remand for entry of a final order of involuntary dismissal of the action. See May v. PHH Mortg. Corp., 150 So.3d 247, 249 (Fla. 2d DCA 2014) (reversing final judgment and finding that bank’s failure to prove prima facie case warranted dismissal, as “none of the evidence adduced at trial demonstrated when, if at all, the bank came into possession of the note”).
REVERSED and REMANDED with directions.
LAWSON, C.J., and SAWAYA, J. concur.

. An allonge is “a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorse-ments.” Allonge, Black’s Law Dictionary (10th ed. 2014).

. Although there was an insufficient foundation to admit the loan transaction history records into evidence, see Bank of New York v. Calloway, 157 So.3d 1064, 1072-73 (Fla. 4th DCA 2015), no objections were raised below and the issue has not been raised on appeal.

. At trial, Bank did not rely on either the Mortgage Loan Purchase Agreement or the Pooling and Servicing Agreement to establish standing, as evidenced by the following exchange:
[BANK’S COUNSEL]: Okay. Your Honor, for the record, I’d like to admit the original note and mortgage into evidence and I’d also move to admit payment history and the acceleration letter.
I was not planning on admitting the mortgage loan purchase agreement or the pooling and servicing agreement into evidence.
THE COURT: Go ahead and put them in there. It doesn't make any difference. They're not relevant, but if you want to put them in there just to be on the safe side.