ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing but withdraw the original panel opinion and substitute this opinion to clarify our holding.
In this foreclosure case, we address the effect of a defective notice of default. The mortgage at issue here required that Ap-pellee, Wachovia Bank, National Association, provide to Appellants written notice of the default and an opportunity to cure the default by a date not less than thirty days from the date of the notice. The notice actually sent to Appellants specified a cure date that was only twenty-eight days after the date of the notice. Four months later, after Appellants failed to cure the default, Appellee filed suit. Almost four years after suit was filed and shortly before the hearing on Appellee’s motion for summary judgment, Appellants filed an amended answer, raising the defective notice for the first time. The trial court granted Appellee’s motion for summary judgment, culminating in this appeal.
Although Appellee breached the contractual provision that required a full thirty days’ notice, we conclude that the breach of contract was not material.. The purpose of the notice provision is to allow the mortgagor to cure the default prior to acceleration. The shortage of two days was insignificant under the facts of this case. See Gorel v. Bank of New York, Mellon, 165 So.3d 44, 47 (Fla. 5th DCA 2015) (citing Allstate Floridian Ins. Co. v. Fanner, 104 So.3d 1242, 1248-49 (Fla. 5th DCA 2012) (breach of condition precedent must be material, meaning one causing prejudice, *193 to constitute defense to enforcement of contract)).
Samaroo v. Wells Fargo Bank, 137 So.3d 1127 (Fla. 5th DCA 2014), is distinguishable. There, the defective notice entirely omitted the notice of a right to cure. Under the facts of that case, we were unable to conclude as a matter of law that the breach was immaterial. See also Alvarez v. Rendon, 953 So.2d 702, 708 (Fla. 5th DCA 2007) (party to contract must at least substantially comply with condition precedent).
AFFIRMED.
TORPY, J. and JACOBUS, B.W., Senior Judge, concur.
PALMER, J., dissents with opinion.