WALLIS, J.
Appellant, Kenneth Elsman, appeals pro se the trial court’s final judgment of foreclosure in favor of Appellee, HSBC Bank USA, as Trustee for MLMI 2006-AF1 (“HSBC”). Elsman argues-.four issues on appeal, only one of which merits discussion. Because we find that HSBC lacked standing to foreclose, we reverse.
On May-16, 2006, Elsman executed and delivered añ InterestFirst note, a mortgage,-and a Second Home Rider to Quicken Loans, Inc. (“Quicken”), for a $168,000 loan. After Elsman defaulted on the loan, HSBC filed a two-count complaint on April 1, 2009, seeking to reestablish the note and foreclose the mortgage. HSBC attached to the initial complaint copies of its debt collection letter, the original mortgage, the second home rider, and the note.
On December 6, 2009, HSBC filed the original mortgage and the original note, which, unlike the copy attached to the complaint, contained an undated special endorsement from Quicken to “HSBC Bank USA, National Association, as Trustee for the registered holders of the Merrill Lynch Mortgage Investor’s Inc., Mortgage Pass-Through Certificates, Series 2006-AF1.”[1] Throughout the course of both discovery and motion practice, Els-man challenged HSBC’s- standing to foreclose.
On March 4, 2014, the case proceeded to trial. The only witness to testify was Peter Rillinger, a “default representative” for PHH Mortgage Services (“PHH”), the loan .servicer- for-', HSBC.- During trial, HSBC offered the: endorsed note and the mortgage into evidence, without any testimony, as self-authenticating commercial paper. Elsman objected to the admissibility of the newly endorsed note, arguing that it- differed from the unendorsed copy attached to the complaint. The trial court overruled Elsman’s objection and admitted the endorsed note.[2] The trial--court sustained Elsman’s relevance objection to the assignment from Quicken to HSBC, which postdated filing of the complaint by six days. The trial court took judicial notice of a document referencing the pooling and servicing agreement, which showed a September 1, 2006 creation date and referenced the subject trust. Without objection, the trial court admitted PHH’s loan transfer history, purporting to show a September 2006 transfer to Wells Fargo as master servicer for the subject trust. Following the Close of evidence, the parties provided written closing arguments, and the trial court ultimately entered final judgment in favor of HSBC.
“A trial court’s decision as to whether a party has satisfied the standing requirement is reviewed de novo.” Gorel v. Bank of New York Mellon, 165 So.3d 44, 46 (Fla. 5th DCA 2015) (quoting Sosa v. Safeway Premium Fin. Co., 73 So.3d 91, 116 (Fla.2011)); see also Wells Fargo Bank, N.A. v. Morcom, 125 So.3d 320, 321 (Fla. 5th DCA 2013).
“A crucial element in any mortgage foreclosure'[1] proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose. *772 The burden is on the party seeking foreclosure to prove by substantial competent evidence that it has standing.” Schmidt v. Deutsche Bank, 170 So.3d 938, 940 (Fla. 5th DCA 2015) (citations omitted). “[A] party’s standing is determined at the time the lawsuit was filed.” McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). This court has previously determined:
Under section 673.3011, Florida Statutes (2013), a person entitled to enforce the . note and foreclose on a mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes. .
Gorel, 165 So.3d at 46. “Holder” is defined as.“[t]he person in possession of a negotiable instrument that is payable either to bearer-or to an identified person that is th.e person in possession.” § 671.201(21), Fla. Stat. (2009).
If an indorsement is made by . the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a “special indorsement.” When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the in-dorsement of that person.
§ 673.2051(1), Fla. Stat. (2009). “The endorsement must have occurred before the filing of the complaint because it is axiomatic that standing must bp shown as of the filing of the complaint.” Schmidt, 170 So.3d at 941 (quoting Eagles Master Ass’n v. Bank of Am., N.A., — So.3d -, -, 40 Fla. L. Weekly D1510, D1510, 2015 WL 3915871 (Fla. 5th DCA June 26, 2015)).
In Schmidt v. Deutsche Bank, our court reversed a final judgment of foreclosure when the appellee-bank failed to prove its standing to foreclose at the time of filing. Id. at 942. Like the appellee-bank in Schmidt, HSBC attempted to establish standing after filing a foreclosure complaint with a reestablishment of note count that was later dropped. See id. at 939. HSBC’s case for standing has deficiencies similar to the bank’s in Schmidt. HSBC filed, after the complaint, an undated endorsement. The trial court denied admission of the note assignment because it postdated the complaint. This evidence could not prove the note’s endorsement at the time of the filing of the complaint. In order to prove standing, the endorsement must have occurred before filing of the complaint: See id. at 941; McLean, 79 So.3d at 173.
At trial, HSBC attempted to prove its standing as a holder with additional evidence. Instead of a loan purchase agreernent, as in Schmidt, 170 So.3d at 940, HSBC relied upon a loan transfer history and reference to the pooling and servicing agreement. Testimony about these additional documents failed to show that HSBC became the holder of the note through a special endorsement prior to filing the complaint. For these reasons, HSBC’s evidence failed to establish its status as the holder .of the note at the time of filing the foreclosure complaint against Elsman, and thus failed to establish standing. See id. at 942. Therefore, we reverse and remand for entry of an order of involuntary dismissal of the action.
REVERSED and REMANDED with INSTRUCTIONS.
PALMER and COHEN, JJ., concur.

. HSBC filed the original mortgage and note with the trial court in support of its December 2, 2009 motion for summary judgment.

. Elsman makes other arguments in this appeal concerning the admissibility of other documents admitted during the trial as additional grounds for dismissal. Our reversal on the issue of standing eliminates the. need for any discussion of these alleged evidentiary errors.