IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RUBEN D. RINCON, ETC., ET AL.,

     Appellants,

v.                                           Case No. 5D14-1013

HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR WELLS FARGO HOME
EQUITY TRUST 2004-2,

     Appellee.

_____/

Opinion filed February 26, 2016

Appeal from the Circuit Court
for Osceola County,
Jeffords D. Miller, Judge.

Earl I. Higgs, Jr., of Higgs Law, P.A.,
Orlando, for Appellants.

Dean A. Morande, Michael K. Winston,
and Donna L. Eng, of Carlton Fields
Jorden Burt, PA, West Palm Beach, for
Appellee.


WALLIS, J.

     Appellant, Ruben D. Rincon, appeals the final judgment of foreclosure in favor of

Appellee, HSBC Bank USA, National Association, as Trustee for Wells Fargo Home

Equity Trust 2004-2 ("HSBC"), arguing the trial court erred by finding that HSBC

established its standing to foreclose at the time it filed the complaint.[1] Finding that the trial court erred by determining HSBC had standing to foreclose, we reverse and remand for entry of an involuntary dismissal.

On May 13, 2004, Rincon executed a mortgage loan and a note in favor of Wells Fargo Bank, N.A. ("Wells Fargo Bank"). On January 10, 2012, HSBC filed a mortgage foreclosure complaint against Rincon, alleging a July 1, 2011 default date and no subsequent payments. HSBC also alleged it was "holder of the Mortgage Note and Mortgage and/or [was] entitled to enforce the Mortgage Note and Mortgage." HSBC attached a copy of the note to the complaint, which included the following endorsement: "Without Recourse Pay to the Order of Wells Fargo Bank, N.A." HSBC later amended its complaint to correct a scrivener's error contained in its plaintiff name, again attaching the endorsed copy of the note. On February 11, 2013, HSBC filed the original note, including the identical endorsement seen on the previously filed copies. Rincon answered the complaint, raising HSBC's lack of standing as an affirmative defense.

The case proceeded to a non-jury trial, during which the trial court heard testimony from Christine Hyman, a Wells Fargo Bank loan verification analyst. When asked about the relationship between Wells Fargo Bank, with whom the loan originated, and Wells Fargo Home Mortgage, who sent the default letter, Hyman explained that the two entities merged into the sole entity "Wells Fargo Bank, N.A." Hyman further testified that Wells Fargo Bank has serviced the note since its origination and currently services it on behalf of Wells Fargo Home Equity Trust 2004-2.

---

[1] Because we find HSBC lacked standing to foreclose, we need not address Rincon's argument that the trial court abused its discretion by improperly admitting certain business records.

When asked by Rincon's counsel on what date Wells Fargo Bank sent HSBC's counsel the original note, relinquishing its possession, Hyman testified this would have occurred when the foreclosure action was filed, although she could not specify an exact date. HSBC argued in its closing:

> [HSBC] established . . . that Wells Fargo was the originator and the holder of the note, and they were servicing on behalf of the Plaintiff in this case. The original note contains an endorsement in blank and was on file with the court and it was attached to the complaint.

The trial court granted judgment for HSBC.

A party seeking foreclosure must prove by substantial competent evidence that it had standing to foreclose at the time it filed its complaint. Schmidt v. Deutsche Bank, 170 So. 3d 938, 940 (Fla. 5th DCA 2015); McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). We review de novo the trial court's finding as to standing. Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 46 (Fla. 5th DCA 2015).

To establish standing to foreclose under section 673.3011, Florida Statutes (2012), a party must be: the holder of the note; a non-holder in possession of the note who has the rights of a holder; or a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes (2012). Section 671.201(21), Florida Statues (2012), defines "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

> If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person.

3

§ 673.2051(1), Fla. Stat. (2012). "If the note does not name the plaintiff as the payee, the note must bear a special indorsement in favor of the plaintiff or a blank indorsement." Gorel, 165 So. 3d at 46 (citations omitted). Otherwise, a plaintiff may prove standing with an assignment from the payee to the plaintiff or an affidavit of ownership. Id. In lieu of an affidavit, a witness may testify at trial as to the date a bank became the owner of the note. Id. "The endorsement must have occurred before the filing of the complaint because it is axiomatic that standing must be shown as of the filing of the complaint." Schmidt, 170 So. 3d at 941 (citation omitted).

Hyman testified Wells Fargo Bank provided HSBC with the note when it filed the foreclosure complaint. HSBC argued at trial that Wells Fargo Bank held the note and transferred it with a blank endorsement to HSBC, granting HSBC holder status. However, both the original note and its copies contain a special endorsement, not a blank endorsement, because it identifies Wells Fargo Bank as the entity to which the instrument was made payable. See § 673.2051, Fla. Stat. Thus, even if Wells Fargo Bank delivered the note to HSBC prior to the filing of the complaint, the note remained payable only to Wells Fargo Bank, and HSBC never became a holder of the note. Further, HSBC did not provide evidence of an assignment, nor did Hyman testify as to the date HSBC became the owner of the note. See Gorel, 165 So. 3d at 46.

Therefore, HSBC failed to establish its standing to foreclose. Because HSBC lacked standing, we reverse and remand for entry of an involuntary dismissal. See Schmidt, 170 So. 3d at 942.

REVERSED and REMANDED with Instructions.

PALMER and EDWARDS, JJ., concur.

4