ON MOTION FOR REHEARING/REHEARING EN BANC

WALLIS, J.
In consideration of HSBC’s[1] March 2, 2016 motion for rehearing, we grant the requested relief, withdraw our prior opinion, and substitute this opinion in its stead.[2]
Appellant, Ruben D. Rincon, appeals the final judgment of foreclosure in favor of Appellee, HSBC, arguing the trial court erred by finding that HSBC had standing to foreclose. Because HSBC properly established its standing, we affirm.[3]
On May 13, 2004, Rincon executed a mortgage loan and a note in favor of Wells Fargo Bank, N.A. (“Wells Fargo”). On January 10, 2012, HSBC filed a mortgage foreclosure complaint against Rincon, alleging a July 1, 2011 default date and no subsequent payments. HSBC also alleged it was “holder of the Mortgage Note and Mortgage and/or [was] entitled to enforce the Mortgage Note and Mortgage.” HSBC attached a copy of the note to the complaint, which included an indorsement stating “Without Recourse Pay to the Order of,” then a blank space, followed by a corporate signature block identifying the originating lender (“Wells Fargo Bank, N.A.”) and the person signing on its behalf (“By Joan M. Mills, Vice President”). HSBC later filed the original note, including the identical indorsement seen on the previously filed copy. Rincon answered the complaint, raising HSBC’s lack of standing as an affirmative defense.
The case proceeded to a non-jury trial, during which the trial court heard testimony from Christine Hyman, a Wells Fargo loan verification analyst. When asked by Rincon’s counsel on what date Wells Fargo sent HSBC’s counsel the original note, relinquishing its possession, Hyman testified that this would have occurred when the foreclosure action was filed. HSBC argued in its closing:
[HSBC] established ... that Wells Fargo was the originator and the holder of the note, and they were servicing on behalf of the Plaintiff in this case. The original note contains an endorsement in blank and was on file with the court and it was attached to the complaint.
The trial court granted final judgment of foreclosure for HSBC.
We review de novo the trial court’s finding as to standing. Gorel v. Bank of N.Y. Mellon, 165 So.3d 44, 46 (Fla. 5th DCA 2015). A party seeking *419 foreclosure must prove by competent, substantial evidence that it had standing to foreclose at the time it filed its complaint. Schmidt v. Deutsche Bank, 170 So.3d 938, 940 (Fla. 5th DCA 2015). Under section 673.3011, Florida Statutes (2012), the holder of a note has standing to foreclose. Section 671.201(21), Florida Statutes (2012), defines “holder” as “[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.” However, “[i]f the note does not name the plaintiff as the payee, the note must bear a special indorsement in favor of the plaintiff or a blank indorsement.” Gorel, 165 So.3d at 46 (citations omitted).
Here, the note contained a blank indorsement from Wells Fargo, and Hyman testified that Wells Fargo provided HSBC with the note when it filed the foreclosure complaint. HSBC argued at trial that Wells Fargo held the note and transferred it with a blank indorsement to HSBC, successfully granting HSBC holder status at the time of filing the complaint. See § 671.201(21); Gorel, 165 So.3d at 46. Therefore, the trial court correctly granted judgment in HSBC’s favor after finding that it had standing to foreclose. See § 673.3011.
AFFIRMED.
PALMER and EDWARDS, JJ., concur.

. HSBC Bank USA, National Association, as Trustee for Wells Fargo Home Equity Trust 2004-2.

. This opinion renders moot HSBC’s motion for rehearing en banc.

. Rincon also argues the trial court abused its discretion by admitting certain business records without the proper foundation. However, because the testifying witness addressed each of the foundational requirements of section 90.803(6)(a), Florida Statutes (2014), and expressed her knowledge of how the records were created, the trial court did not abuse its discretion. See Twilegar v. State, 42 So.3d 177, 199 (Fla.2010).