IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

7825 MYRTLE OAK LANE, LLC AND
ANDREW LA ROSA,

      Appellants,

v.                                     Case No.  5D15-74

BANK OF NEW YORK MELLON, ETC., ET AL.,

      Appellees.

_____/

Opinion filed April 22, 2016

Appeal from the Circuit Court
for Osceola County,
Robert J. Pleus, Jr., Senior Judge.

Jose G. Oliveira, of Jose G. Oliveira, P.A.,
Orlando, and Raymer F. Maguire, III, of
Maguire, Lassman, P.A., Orlando, for
Appellants.

Nancy M. Wallace and Michael J. Larson,
of Akerman LLP, Tallahassee, and William
P. Heller, of Akerman LLP, Fort Lauderdale,
for Appellees.


PER CURIAM.

     Andrew La Rosa and 7825 Myrtle Oak Lane, LLC, appeal a final judgment of

foreclosure entered in favor of Bank of New York Mellon ("Bank").  We find merit in

Appellants' argument that Bank of New York Mellon failed to establish that it had

standing to bring the foreclosure action. See McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So.3d 170, 173–74 (Fla. 4th DCA 2012) (holding that "a party's standing is determined at the time the lawsuit was filed" and that "[w]here the plaintiff contends that its standing to foreclose derives from an endorsement of the note, the plaintiff must show that the endorsement occurred prior to the inception of the lawsuit." (citing Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So.2d 1281, 1286 (Fla. 2d DCA 2005))); Gonzalez v. BAC Home Loans Servicing, L.P., 180 So. 3d 1106, 1108 (Fla. 5th DCA 2015) (reiterating that the testimony of a witness regarding business records not entered into evidence at trial is insufficient to prove standing in a foreclosure case (citing Schmidt v. Deutsche Bank, 170 So. 3d 938, 941 (Fla. 5th DCA 2015))). Accordingly, we reverse with directions that the trial court enter an order of involuntary dismissal of the action. See Schmidt, 170 So. 3d at 942 ("Because Bank failed to establish standing at the time of filing of the complaint, we reverse and remand for entry of a final order of involuntary dismissal of the action.").

REVERSED.

BERGER, LAMBERT and EDWARDS, JJ., concur.