# Third District Court of Appeal

## State of Florida

Opinion filed March 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1936
Lower Tribunal No. 14-7465
_____

## Nationstar Mortgage, LLC,

Appellant,

vs.

## Nelson Silva and Yesenia Silva,

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Akerman LLP, Nancy M. Wallace (Tallahassee), William P. Heller and Marc J. Gottlieb (Fort Lauderdale), and Eric M. Levine (West Palm Beach), for appellant.

Corona Law Firm, P.A., Ricardo Corona, and Ricardo M. Corona, for appellees.

Before SUAREZ, SALTER and LUCK, JJ.

LUCK, J.

Nationstar Mortgage, LLC appeals the trial court's involuntary dismissal in favor of borrowers Nelson and Yesenia Silva entered after Nationstar's case-in-chief on its residential foreclosure complaint. The trial court granted involuntary dismissal because Nationstar's default letter did not comply with paragraph twenty-two of the mortgage. Because we conclude the default letter complied with the mortgage, we reverse the involuntary dismissal and remand for further proceedings.

*Factual Background and Procedural History*

The Silvas stopped paying the mortgage on their Miami-Dade home in February 2009. Nationstar sent a letter to the Silvas on April 6, 2009 letting them know about the default, the amount they owed, and how to cure it. Still, the Silvas did not pay their mortgage, and hadn't paid by the time of the bench trial.

Nationstar, on March 21, 2014, filed a foreclosure complaint against the Silvas. The complaint alleged that the Silvas defaulted on the promissory note by failing to pay their mortgage on February 1, 2009. The Silvas moved to dismiss the complaint because the foreclosure was barred by the five-year statute of limitations. The trial court dismissed the complaint, but allowed an amendment by interlineation "to allege a default date within 5 years of filing the complaint." This order was entered on September 17, 2014. Nationstar filed a notice of amendment by interlineation on October 3, 2014, amending the complaint to read:

2

"Defendant(s) has defaulted under the Note and Mortgage by failing to pay the payment due March 21, 2009, and all subsequent payments."

The bench trial was held on February 3, 2016. Only one witness testified: Ilosh Azarsepandan, a representative for Nationstar. Nationstar introduced evidence that it sent the default letter on April 6, 2009, and the Silvas had not made payments since the February 1, 2009 default.

At the close of Nationstar's case, the Silvas moved for involuntary dismissal arguing that the complaint failed to state a cause of action because the default letter did not correspond to the default date in the amended complaint, March 21, 2009. The trial court requested memoranda of law on whether Nationstar was required to provide a new notice of default for the March 21, 2009 date it claimed the Silvas defaulted on the loan. The parties briefed the issue of "whether [Nationstar] was required to send the [Silvas] a second breach letter due to the change in the default date in the Complaint." The trial court entered a final order on the Silva's motion dismissing the case. This appeal followed.

*Standard of Review*

We review an order of involuntary dismissal de novo. See Wells v. Sacks, 180 So. 3d 1223 (Fla. 3d DCA 2015). A motion for involuntary dismissal should be granted only "when there is no reasonable evidence upon which a [fact finder] could legally predicate a verdict in favor of the non-moving party." Tylinski v.

3

Klein Auto., Inc., 90 So. 3d 870, 873 (Fla. 3d DCA 2012); see also Deutsche Bank Nat. Trust Co. v. Huber, 137 So. 3d 562, 563-64 (Fla. 4th DCA 2014) ("When an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." (quotation omitted)).

*Discussion*

Nationstar contends that its April 6, 2009 default notice was sufficient under paragraph twenty-two of the mortgage, and the trial court erred by involuntarily dismissing the case. The Silvas respond that: (1) Nationstar was required to send a new default letter once it changed the default date in the complaint; and (2) the complaint did not allege, and Nationstar did not prove at trial, that the default was within the five-year statute of limitations.

1. The Default Letter

Paragraph 22 of the mortgage provides that:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in

4

acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to reassert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.

"[A] mortgagee's default notice is sufficient if it substantially complies with the mortgage's default notice provision" – i.e. paragraph 22. Wells Fargo Bank, N.A. v. Hernandez & Silva Enterprises, Inc., 193 So. 3d 67, 67-68 (Fla. 3d DCA 2016). "Paragraph twenty-two is designed to ensure that a borrower receives essential information concerning his or her default, how to cure it, and his or her rights with respect to it. It is not a technical trap designed to forestall a lender from prosecuting an otherwise proper foreclosure action because a borrower, after the fact, decides that the letter might have been better worded." Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 19 (Fla. 2d DCA 2015).

The evidence from the bench trial showed that the April 6, 2009 default letter complied with paragraph twenty-two of the mortgage, and even if it didn't, the Silvas were not prejudiced by the discrepancy in the default date. Paragraph twenty-two provided that if the default was not cured – and the evidence was clear that it was not – Nationstar could accelerate "without further demand" and foreclose on the home. The default letter notified the Silvas that they did not make

5

their February 2009 mortgage payment, and by April they owed $6,245.68. Even so, the Silvas did not cure the default as required by the mortgage. As long as the default was not cured, and the Silvas did not pay, Nationstar was not required to send another default letter before accelerating the mortgage and proceeding with the foreclosure. See Milam, 177 So. 3d at 18 n. 4 (explaining that "[i]t does not follow that a borrower's continuing and uninterrupted failure to make monthly payments – as existed in this case – requires a new paragraph twenty-two notice letter for each instance in which the borrower fails to pay.").

Even if the default letter did not comply with paragraph twenty-two, "[a]bsent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract." Gorel v. Bank of New York Mellon, 165 So. 3d 44, 47 (Fla. 5th DCA 2015). In Gorel, the "Bank's default letter set a cure date twenty-nine days later, not thirty or more as required" by the terms of the mortgage. Id. The district court rejected the borrowers' defective-default-letter claim because "the defective notice did not prejudice Mr. Gorel, as he made no attempt to cure the default." Id. Here, too, the discrepancy in the date between the amended complaint and the default letter did not prejudice the Silvas because they made no attempt to cure the default from March 21, 2009 until trial. Without evidence they were prejudiced by the wrong date, the trial

6

court erred in granting involuntary dismissal based on the discrepancy between the amended complaint and the default letter.

## 2. Statute of limitations

The Silvas' claim that the default date in the complaint was outside the statute of limitations has already been rejected by the court. In <u>Dhanasar v. JPMorgan Chase Bank, N.A.</u>, 201 So. 3d 825 (Fla. 3d DCA 2016), we explained that the foreclosure complaint "survived the asserted statute of limitations bar" because "the Bank's complaint specifically alleged that [the borrower] had failed to pay the April 2008 payment <u>and all subsequent payments</u>, and the action was filed within five years of a default payment." <u>Id.</u> at 826 (emphasis in original); <u>see also</u> <u>Bartram v. U.S. Bank Nat'l Assoc.</u>, 211 So. 3d 1009, 1019 (Fla. 2016) ("[W]ith each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage"). Here, as in <u>Dhanasar</u>, Nationstar alleged the Silvas missed the March 21, 2009 payment and all subsequent payments. Nationstar also presented evidence at the bench trial that the Silvas had not made any payments since before February 2009. By alleging and proving that the Silvas missed all payments since March 21, 2009, Nationstar established that the Silvas defaulted on the mortgage within five years of the statute of limitations.

*Conclusion*

Viewing all inferences and evidence in the light most favorable to Nationstar, the trial court erred in granting involuntary dismissal in favor of the Silvas. We vacate the judgment for the Silvas, and reverse and remand for further proceedings.

Reversed and remanded with instructions.