# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1402
Lower Tribunal No. 15-13323
_____

**U.S. Bank, N.A., as Trustee, etc.,**
Appellant,

vs.

**Juan Ramirez,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Pearson Bitman LLP, and Allison Morat (Maitland), for appellant.

Mandel Law Group, P.A., and Roberta G. Mandel, for appellee.

Before SUAREZ, SALTER, and SCALES, JJ.

SUAREZ, J.

In this foreclosure action, the mortgagee, U.S. Bank, N.A., appeals from the

order granting the mortgagor's, Juan Ramirez, Motion to Dismiss for failure to

abide by the applicable statute of limitations.  We reverse in accordance with this Court's decision in <u>Deutsche Bank Trust Co. Americas v. Beauvais</u>, 188 So. 3d 938 (Fla. 3d DCA 2016) (en banc) and the Florida Supreme Court's decision in <u>Bartram v. U.S. Bank National Association</u>, 211 So. 3d 1009 (Fla. 2016).

Ramirez negotiated a mortgage agreement with US Bank and agreed to make monthly payments on the first day of each month beginning on December 1, 2005. On April 21, 2008, US Bank filed a Mortgage Foreclosure Complaint against Ramirez, alleging that Ramirez failed to make all payments due from January 1, 2008.  This initial action was involuntarily dismissed without prejudice by the trial court due to a lack of prosecution.

Subsequently, on June 12, 2015, US Bank filed a new Verified Complaint to Foreclose Mortgage, alleging that Ramirez had failed to make the August 1, 2010 payment and all subsequent payments thereafter.  In response, Ramirez filed a Motion to Dismiss claiming that US Bank failed to abide by the applicable statute of limitations. Ramirez argued that US Bank had five years to bring this action for foreclosure from the date of the original acceleration in the April 21, 2008 action. Based on this argument, the trial court granted Ramirez's Motion to Dismiss, but provided US Bank thirty days to bring any information to dispute the statute of limitations issue.

Instead, US Bank filed a Motion for Reconsideration, or in the Alternative, Motion for Rehearing, which was later amended by US Bank. However, the trial court entered an order denying this motion. Finally, the trial court entered a Final Order of Dismissal on July 12, 2017 upon Ramirez's Motion for Entry of Final Order of Dismissal.

We disagree with the trial court's decision to grant Ramirez's Motion to Dismiss on the basis that the second foreclosure action was barred by the five-year statute of limitations stemming from the prior acceleration. Because US Bank's complaint specifically alleged that Ramirez missed the August 1, 2010 payment and "all subsequent payments," and the action was filed within five years of the alleged defaults, the statute of limitations did not extinguish US Bank's claim in this action. See Beauvais, 188 So. 3d at 944–45; Bartram, 211 So. 3d at 1019.

> [W]ith each subsequent default, the statute of limitations runs from the date of each new default, providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage . . . . [T]he statute of limitations on the balance under the note and mortgage would not continue to run after an involuntary dismissal, and thus the mortgagee would not be barred by the statute of limitations from filing a successive foreclosure action premised on a 'separate and distinct' default. Rather, after the dismissal, the parties are simply placed back in the same contractual relationship as before, where the residential mortgage remained an installment loan, and **the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked**.

Bartram at 1019 (emphasis added); see also Nationstar Mortg., LLC v. Silva, 239 So. 3d 782 (Fla. 3d DCA 2018).

When a mortgage foreclosure action is involuntarily dismissed, either with or without prejudice, the effect of the involuntary dismissal is revocation of the acceleration, which then reinstates the mortgagor's right to continue to make payments on the note and the mortgagee's right to seek acceleration and foreclosure based on any subsequent defaults. <u>Bartram</u>, 211 So. 3d at 1012. Thus, the statute of limitations does not continue to run on the amount due under the mortgage. <u>Id.</u>

Accordingly, we reverse the order granting Ramirez's Motion to Dismiss and remand with instructions to reinstate the Bank's complaint in foreclosure.