DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GWENDOLYN DENTON,**
Appellant,

v.

**HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF FIRST NLC TRUST 2007-1 MORTGAGE-BACKED CERTIFICATES, SERIES 2007-1**,
Appellee.

No. 4D18-2146

[February 5, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. CACE15011708 (11).

Jerome L. Tepps of Jerome L. Tepps, P.A., Sunrise, for appellant.

Kimberly S. Mello and Joseph H. Picone of Greenberg Traurig, P.A., Tampa, for appellee.

WARNER, J.

Appellant, a homeowner (Homeowner), challenges a final judgment of foreclosure. Homeowner contends that the trial court erred in finding that the Appellee, HSBC Bank USA, N.A. (Bank), as Trustee for the Registered Holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1, had substantially complied with the notice of default conditions precedent, because Bank failed to provide a full thirty-day notice to the Homeowner to cure the default, as provided in paragraph 22 of the mortgage. Further, Homeowner contends that the trial court erred by finding that Bank had proved that the Homeowner was not prejudiced, even though Bank had not filed a reply to Homeowner's affirmative defense of failure to comply with conditions precedent. We affirm. Bank alleged compliance with the conditions precedent. Homeowner responded alleging a failure to comply with conditions precedent. Homeowner also alleged a lack of good faith ability to cure the default, which we conclude amounts to a claim of prejudice necessary to support a claim of material breach of the condition. Bank was not required to file a reply. Homeowner failed to

prove any prejudice, and Bank proved Homeowner never attempted to cure the default.  The court did not err in entering final judgment of foreclosure.

Bank filed a foreclosure action against Homeowner and later filed a Second Amended Complaint for mortgage foreclosure.  In the operative complaint, Bank alleged Homeowner executed and delivered a note and mortgage to Bank, as well as several loan modifications.  Of import on appeal, Bank pled: "[a]ll conditions precedent to the acceleration of this mortgage note and to foreclosure of the mortgage have occurred." Paragraph 22 of the mortgage set forth the conditions precedent and provided: "[l]ender shall give notice to Borrower prior to acceleration following Borrower's breach . . . .  The notice shall specify . . . a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured[.]"

Homeowner filed an Answer and Affirmative Defenses to the Second Amended Complaint generally denying all the complaint's allegations and asserting five affirmative defenses.  This appeal deals with the third affirmative defense which stated:

> Plaintiff has failed to satisfy all conditions precedent to bringing this action and enforcing the loan documents under Florida law.  Specifically, Plaintiff [failed] to provide the Borrower with a Notice of Default and Intent to Accelerate as required by and/or that complies with Paragraphs 15 and 22 of the subject MORTGAGE.  Plaintiff failed to attach copies of such notice to the Complaint.  Furthermore, Plaintiff has failed to provide proof of mailing of any Notice of Default and Intent to Accelerate in compliance with the requirements specified in Paragraphs 15 and 22 of the Mortgage.  As a result, the Defendant has been denied a good faith opportunity, pursuant to the Mortgage and the servicing obligations of the Plaintiff, to avoid acceleration and this foreclosure.

Bank did not reply to Homeowner's Answer and Affirmative Defenses.

At the non-jury trial on the foreclosure, Bank introduced into evidence the original mortgage and note, together with indorsements.  It also introduced two default letters, the first dated February 15, 2012 and one dated August 2, 2014, which required cure of the default on or before September 1, 2014.  Homeowner cross-examined Bank's witness as to the date that the second default letter was mailed, which the witness could not conclusively establish.  Ultimately, the court found that the letter was

mailed at least six days late, giving Homeowner only twenty-four days to cure the default. Because the court found that Bank failed to prove a condition precedent, it entered an involuntary dismissal of the complaint.

Bank filed a motion for rehearing arguing that Bank had substantially complied with the condition precedent, and Homeowner was not prejudiced by Bank's failure to exactly comply with the time requirements of the notice provision. At the hearing, Bank argued that there was no prejudice to Homeowner because of the length of time that she was in default based on *Vasilevskiy v. Wachovia Bank, National Association*, 171 So. 3d 192 (Fla. 5th DCA 2015), and *Gorel v. Bank of New York Mellon*, 165 So. 3d 44 (Fla. 5th DCA 2015). Homeowner argued at the hearing that Bank failed to reply to the answer and affirmative defense of failure to comply with the condition precedent. Homeowner claimed that if Bank had alleged in a reply that Homeowner was not prejudiced, then Homeowner would have testified as to her efforts to reinstate the note. The court granted Bank's motion for rehearing and entered final judgment of foreclosure.

Homeowner filed a motion for new trial and a memorandum in support arguing that Homeowner was entitled to a new trial to provide evidence to refute Bank's contention that Homeowner was not prejudiced by the improper default letter and to present evidence to refute Bank's contention that Homeowner did not try to reinstate her loan with Bank. Bank filed a response arguing that in her affirmative defense Homeowner failed to deny the performance of conditions precedent with specificity as required by law. The court denied the motion, and Homeowner now appeals.

Homeowner argues that the court erred in granting Bank's motion for rehearing, because Bank failed to reply to Homeowner's answer and affirmative defenses. She claims that in order to avoid her affirmative defense that Bank failed to perform a condition precedent, Bank was required to allege a lack of prejudice. We disagree that Bank was required to reply to the affirmative defense. Homeowner had the obligation under her affirmative defense to allege and then prove prejudice. She did allege that she was not given a good faith opportunity to cure the default, which was an allegation of prejudice.

As an element of its cause of action of foreclosure, Bank alleged the performance of all conditions precedent. *See* Fla. R. Civ. P. 1.120(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred."). In the context of foreclosures, we have held that this means "substantial compliance." *Ortiz v. PNC Bank, Nat'l Ass'n*,

3

188 So. 3d 923, 925 (Fla. 4th DCA 2016) ("As an initial matter, we take this opportunity to clarify that substantial compliance with conditions precedent is all that is required in the foreclosure context."). "Substantial compliance is 'that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the [party] the [benefit].'" *Id.* (citations omitted).

Florida Rule of Civil Procedure 1.120(c) also provides that "[a] denial of performance . . . shall be made specifically and with particularity." Homeowner alleged generally that Bank failed to provide her with notice which complied with Paragraph 22 but did not explain in what respect it did not comply. The affirmative defense did not allege that the default notice did not provide thirty days to cure the default. Yet Homeowner did allege that she was not given a good faith opportunity to cure the default and avoid acceleration. This, we believe is tantamount to an allegation that the breach of the condition constituted a material breach, namely one that caused prejudice. *See Gorel v. Bank of New York Mellon*, 165 So. 3d 44, 47 (Fla. 5th DCA 2015) ("Absent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract."). Since Bank simply denied the allegation of prejudice, it was not required to file a reply to avoid it.

We recognize that in *Citigroup Mortgage Loan Trust Inc. v. Scialabba*, 238 So. 3d 317, 323 (Fla. 4th DCA 2018), we stated that lack of prejudice from a bank's defective default notice was an avoidance, which should have been pled by the bank in response to the homeowner's allegation of failure to substantially comply with a condition precedent. Our comments were essentially dicta, because we determined that even if the bank failed to allege lack of prejudice, the issue was tried by consent. Whether lack of prejudice constitutes an avoidance to an affirmative defense of denial of performance of a condition precedent will usually depend upon the specific allegations of the affirmative defense.[1] Here, we conclude that Homeowner's affirmative defense alleged that she was prejudiced, and thus Homeowner was required to prove her affirmative defense. Therefore, there was no requirement that Bank file a reply in avoidance.

---

[1] If we were required to reconsider our statement in *Scialabba*, we would conclude that prejudice is an essential element of an affirmative defense that a condition precedent was materially breached. Thus, the burden would be on the proponent of the defense to prove prejudice sufficient to warrant the avoidance of the contract.

Finally, this allegation of prejudice was refuted on the record. Homeowner offered no testimony to support her allegation that she was denied a good faith opportunity to cure the default. Moreover, Bank's witness testified that no payments were made on the mortgage after the default notice was sent. Suit was not filed until eleven months later. *See Vasilevskiy v. Wachovia Bank, Nat'l Ass'n*, 171 So. 3d 192 (Fla. 5th DCA 2015) (determining that no prejudice was shown where a default notice gave less than thirty days for cure date, because suit was not filed until four months later, and appellant did not file an amended answer raising defective notice for four years).

For the foregoing reasons, the trial court did not err in granting Bank's motion for rehearing and entering final judgment of foreclosure for Bank, because Bank proved substantial compliance with a condition precedent. Nor did the trial court err in rejecting Homeowner's contention on rehearing that Bank could not rely on lack of prejudice because Bank had not pled it in avoidance of Homeowner's affirmative defense. We thus affirm the final judgment of foreclosure.

*Affirmed.*

TAYLOR and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***